347 So.2d 510 (1977)
Billie Thornton NICKELS, Plaintiff-Appellant,
v.
Mark Lawrence NICKELS, Defendant-Appellee.
No. 13265.
Court of Appeal of Louisiana, Second Circuit.
June 22, 1977.
Caddo Bossier Legal Aid Society by Howard M. Fish, Jr., Shreveport, for appellant.
Before BOLIN, MARVIN and JONES, JJ.
JONES, Judge.
Billie Thornton Nickels appeals from a judgment holding her petition for divorce was premature. We reverse.
Billie Thornton Nickels brought this proceeding for a divorce based upon her husband's conviction of a felony, LSA-C.C. Art. 139(2). She entered a preliminary default when her husband failed to answer timely. At a hearing to confirm the default, appellant introduced evidence her husband had been tried by a jury and found guilty of simple burglary, that he also pled guilty to being a second felony offender (also a felony under the laws of Louisiana), and he was then sentenced to ten years at hard labor. Appellant testified there had been no reconciliation since the conviction.
In written reasons for judgment, the lower court stated it took judicial notice of the records on the criminal docket of the court, which established the conviction of appellant's husband was on appeal. It then held that since the conviction was not yet final the divorce proceeding was premature, and dismissed appellant's demands without prejudice.
LSA-C.C. Art. 139(2) provides:
"Art. 139. Immediate divorce may be claimed receprocably [reciprocally] for one of the following causes:
* * * * * *
"2. Conviction of the other spouse of a felony and his sentence to death or imprisonment at hard labor. . . ."
See also LSA-C.C. Art. 138(2), providing similar grounds for a separaten.
To entitle a spouse to an immediate divorce, the statute requires only the ". . . conviction . . . of a felony and his sentence to . . . imprisonment at hard labor." (Emphasis added). It does not require all delays for appeal to have expired, or that the convicted spouse actually serve any of the sentence. The *511 conviction and sentencing alone are sufficient to provide the grounds for divorce, and the public policy underlying this ground for divorce is satisfied by this initial determination of guilt and sentencing.
Our rationale that such a criminal conviction, when used as grounds for divorce, need not have the protection of appellate review is buttressed by the provisions of LSA-C.C. Art. 138(7), which provides for a separation from bed and board when one spouse has been charged with a felony and has fled from justice, providing the other spouse proves the guilt of the absent spouse. In a proceeding under Art. 138(7), the absent spouse would not even have the benefit of the strong protections and presumptions of our criminal justice system, and the guilt of the absent spouse would be determined by the general rules applicable in a civil proceeding. Reading Article 138(7) together with Article 139(2) indicates the legislative intent was that grounds for a separation or divorce under Arts. 138(7) and 139(2) is not the absolute, final determination of guilt in a criminal proceeding but instead is only a showing by a preponderance of the evidence that the other spouse has committed the crime. In Article 139(2), a showing of the conviction of a felony and a sentencing to hard labor establishes, more probably than not, the accused is guilty of the offense.
The judgment of the trial court is reversed and remanded, all further proceedings to be conducted in accordance with this decision. Since appellee neither filed an answer nor appeared at trial, nor filed a brief on appeal, appellant is to pay all costs of this appeal.