BOUTALL, Judge.
This is an appeal by Ronald Tauzier, defendant below, from a judgment of divorce. At issue is whether the trial court erred in granting the divorce before Tauzier had exhausted all appeals from his criminal conviction. We affirm for the following reasons.
The Tauziers were married in 1974 and in 1980, Ronald Tauzier was convicted of attempted first degree murder and sentenced to fifty years at hard labor. Following this conviction, Mrg. Tauzier filed for divorce on the ground defendant had been convicted of a felony and sentenced to hard labor, La.C.C. art. 139(2). The divorce was granted, and Tauzier now appeals, contending the divorce was premature.
At the outset we would like to note that appellant has raised several constitutional issues in his brief.[1] We find these issues, while they may be pertinent to his criminal appeal, are irrelevant to this suit. Defendant cannot raise in this proceeding those issues pertaining to his criminal conviction of guilt; in essence, that would alter the burden of proof plaintiff had to meet in order to gain the divorce in this civil proceeding. The basis of this suit is not defendant’s guilt under the criminal law, but his conviction and sentence under La.C.C. art. 139(2). Plaintiff only had to prove these elements by a preponderance *567 of the evidence — as in any civil suit. This, plaintiff has done.
La.C.C. art. 139(2) provides in pertinent part:
Art. 139. Immediate divorce may be claimed receprocably [reciprocally] for one of the following causes:
[[Image here]]
2. Conviction of the other spouse of a felony and his sentence to death or imprisonment at hard labor ...
[[Image here]]
The issue whether a divorce may be granted before a spouse’s criminal appeals have been exhausted was settled in Nickels v. Nickels, 347 So.2d 510 (La.App. 2nd Cir.1977). Nickels held that art. 139(2) requires only the conviction of a felony and sentence to death or imprisonment at hard labor for immediate divorce; a plaintiff need not wait until all criminal appeals have expired.
The trial judge in the instant case stated in his oral reasons for judgment that he was interpreting art. 139(2) in accordance with Nickels. We find no error in this decision and accordingly affirm.
AFFIRMED.

. Appellant contends, amongst other things, he was denied effective assistance of counsel below and that the trial court erred by allowing into evidence other crimes evidence which prejudiced him. We find these contentions are not relevant to this civil proceeding. Appellant also contends the trial court erred in refusing to order Mrs. Tauzier to direct correspondence between their child Wendy and appellant. We find no error in the trial court’s decision.