CURRAULT, Judge.
This appeal originates in the Twenty-Ninth Judicial District Court, Division “C”, Parish of St. Charles, wherein the Honorable Ruche J. Marino rendered judgment in favor of Paulette Falgout Kitchen granting an immediate divorce based on LSA-C.C. Article 139(2). We affirm.
Paulette Falgout and Arthur M. Kitchen were married on April 14, 1979. Shortly thereafter, Mr. Kitchen was charged and convicted of two separate drug-related felonies; 1982 and 1984 respectively. He received sentences at hard labor, but each sentence was suspended and he was placed on active probation.
On November 15, 1984, Paulette Kitchen filed a petition for divorce based upon LSA-C.C. Article 139(2), to wit: her husband’s felony convictions and sentencing. After a trial on the merits, the trial court granted petitioner’s request. Defendant-husband has appealed asserting as his only specification of error: the trial court erred in granting the judgment of divorce in that plaintiff’s petition failed to state a cause of action and plaintiff failed to produce evidence of an essential element of the cause of action for divorce as stated in LSA-C.C. Article 139(2).
Appellant admits that although he was convicted and sentenced for felonies he committed; nevertheless, those sentences were suspended, resulting in his being placed on probation. Appellant argues, “a person being convicted of a felony and being placed on probation is clearly insufficient for an immediate divorce under LSA-C.C. Article 139(2).”
The court in Nickels v. Nickels, 347 So.2d 510, 510-511 (La.App.2d Cir.1977), stated:
“To entitle a spouse to an immediate divorce, the statute requires only the ‘... conviction ... of a felony and his sen *495 tence to ... imprisonment at hard labor.’ (Emphasis added). It does not require all delays for appeal to have expired, or that the convicted spouse actually serve any of the sentence. The conviction and sentencing alone are sufficient to provide the grounds for divorce, and the public policy underlying this ground for divorce is satisfied by this initial determination of guilt and sentencing.”
We are in agreement that conviction and sentencing alone are sufficient to satisfy the requirements of LSA-C.C. Article 139(2) regardless of whether the sentence is ever enforced. We do not believe the legislative intent was to allow convicted felons to circumvent the edicts imposed by Article 139(2) simply because whatever sentence they initially received was later suspended. The fact that a sentence is suspended does not lessen the impact of a conviction, nor does the granting of a suspension negate the fact that the convicted felon was sentenced and carries that sentence with him. We do not believe that the public policies underlying LSA-C.C. Article 139(2) would best be served by allowing a convicted felon, sentenced to hard labor, to abrogate Article 139(2) simply because his sentence was suspended.
Accordingly, for the foregoing reasons, the judgment appealed is affirmed with appellant to pay all costs.
AFFIRMED.