IsCANNELLA, Judge.
This is an appeal by the state from a modification of a jury verdict. We dismiss this appeal on the basis of prematurity and remand.
Defendant, Jon Quinones was charged with possession with intent to distribute cocaine, in violation of La.R.S. 40:967 A.l. Following a jury trial, defendant was found guilty as charged. The state subsequently filed a multiple offender bill. Defendant filed several post-trial motions, including a motion for new trial, a motion in arrest of judgement, and a motion for post-verdict judgment of acquittal. After a hearing, the trial judge denied the motions, but modified the verdict to possession of cocaine. The state filed a motion for appeal and a request that the trial judge withhold sentencing until after the disposition of the appeal. The trial judge granted the motion and request.
Under La.C.Cr.P. art. 912, only a final judgment or ruling is appealable by either the state or the defendant. C.Cr.P. art. 912 sets forth certain preliminary ^matters that are specifically appealable by the state. The list is non-exclusive if the basic test of finality is satisfied. See: Official Revision Comment to La.C.Cr.P. art. 912. A final judgment, however, is one which puts an end to the proceedings.
In this case, defendant has not been sentenced. Thus, the proceedings are not at an end and the judgment of conviction is not yet final. The appeal by the state is therefore premature and must be dismissed.[1]
Accordingly, the appeal filed by the State of Louisiana is hereby dismissed for prematurity. The case is remanded for further proceedings.

APPEAL DISMISSED AND REMANDED.

. We have, on occasion, converted improper appeals of interlocutory matters to supervisory writs. In this case, judicial economy would not be served by converting this matter to a writ because we would still remand the case for re-sentencing.