MADELEINE M. LANDRIEU, Judge.
hThe defendant, Eric Hill, pled guilty as charged in Criminal District Court to one count of Distribution of a Controlled Dangerous Substance in violation of La. R.S. 40:967 and to a Multiple Offender Bill of Information as a second felony offender. Mr. Hill filed the instant appeal from the trial court’s denial of his Motion to Correct Illegal Sentence. The State filed a Motion to Dismiss the appeal as untimely filed and as the improper vehicle to challenge the denial of this motion.

PROCEDURAL HISTORY

On August 3, 2000, Mr. Hill was charged with distribution of cocaine. He pled not guilty at arraignment on August 9, 2000. After receiving a copy of the police report, Mr. Hill withdrew all motions on September 6, 2000. On September 25, 2000, he appeared for trial and pled guilty as charged.
On that same day,[1] the trial court sentenced Mr. Hill to fifteen years at hard labor while ordering that the first five years be served without benefit of probation, parole, or suspension of sentence. The State then filed a multiple offender bill of information alleging that Mr. Hill was a second felony offender. Mr. Hill admitted to being one and the same person previously convicted of a felony in case 370-073 |2“I.” The court then found him to be a second felony offender, vacated the previously imposed sentence, and sentenced the defendant under the provisions of La. R.S. 15:529.1.
There is a discrepancy between the Commitment Order and the minute entry of September 25, 2000. According to the Commitment Order, the defendant was sentenced to fifteen years at hard labor with the first five years being imposed without the benefit of probation, parole, or suspension of sentence. The September 25, 2000 minute entry states that the court sentenced the defendant under the provisions of La. R.S. 15:529.1 to ten years at hard labor with the first five years being imposed without benefit of probation, parole, or suspension of sentence. Despite this court’s attempt to procure a transcript of the sentencing hearing, none exists. The court reporter’s notes, audiotapes or transcriptions from the proceedings were lost as a result of Hurricane Katrina.
On March 8, 2002, the trial court issued a “corrected September 25, 2002 minute entry.”[2] The corrected entry and the original entry are identical except that the corrected entry reflects that the trial court sentenced the defendant under the provisions of La. R.S. 15:529.1 to fifteen years at hard labor (instead of ten years), with the first five years being imposed without the benefit of probation, parole, or suspension of sentence.
On June 26, 2008, the defendant filed a pro se Motion to Correct Illegal Sentence.[3] *399 He alleged that on September 25, 2000, he was actually sentenced to ten years at hard labor and that the sentence was imposed in exchange for a |3bargained-for guilty plea. He argued that the corrected minute entry amounts to a surreptitious enhancement of his sentence.
No action was taken on this motion until counsel for the defendant made an appearance on May 10, 2010 and subsequently filed a supplemental memorandum of law. The trial court then took the matter under advisement.[4] On August 31, 2010, the court denied the defendant’s motion and signed a judgment to that effect. The trial court found that the defendant had been originally sentenced to ten years at hard labor, but on March 8, 2002, the trial court had corrected the minute entry in order to “comply with a nondiscretionary sentencing requirement.”[5] The court found that the defendant’s constitutional rights had not been violated. This judgment is now before us on appeal. Despite the absence of the transcript of September 25, 2000, for the reasons that follow, we find that the record is sufficiently complete and supports a finding that the trial court did not err in denying the defendant’s Motion to Correct Illegal Sentence.

MOTION TO DISMISS APPEAL

After the parties’ briefs were filed, the State filed a motion to dismiss the appeal arguing that no appeal lies from a motion to correct an illegal sentence. This argument has merit. The denial of a motion to correct an illegal sentence is not an appealable judgment. However, it is the custom of this Court to convert an | improperly filed appeal to a writ. State v. Hutchinson, 99-0084 (La.App. 4 Cir. 5/17/2000), 764 So.2d 1139; La.C.Cr.P. arts. 912, 930.6.[6]
Accordingly, the State’s motion to dismiss is hereby denied and the defendant’s appeal is converted to a writ.

ASSIGNMENTS OF ERROR

The defendant alleges that the trial court erred in denying his Motion to Cor *400 rect Illegal Sentence. He argues that to the extent his sentence was impermissibly low, it was in exchange for a bargained-for plea agreement. He further argues that the corrected minute entry failed to conform to the provisions of La. R.S. 15:301.1 because it occurred more than 180 days after the sentence was imposed.
The defendant’s arguments fail to acknowledge the existence of the Commitment Order, which was executed by the minute clerk and signed by the trial court on September 25, 2000, the day the defendant was sentenced. The Commitment Order sets forth the judgment of the trial court and clearly provides that the defendant was sentenced to fifteen, not ten, years of incarceration as a habitual offender.[7] Moreover, the provisions of the multiple bill statute under which the defendant was sentenced show unequivocally that the September 25th minute entry contained an error. That statute,' La. R.S. 15:529.1(A)(1), provides | .d'or a minimum sentence of fifteen years under the circumstances presented in this case.[8] The original minute entry did not accurately reflect the sentence actually imposed on September 25, 2000, and if it had remained unchanged, it would have been an illegally lenient sentence pursuant to R.S. 15:529.1. Therefore, the March 8, 2002 minute entry merely corrected the trial court’s previous mistake.
The defendant argues that the ten-year sentence was imposed pursuant to a bargained-for plea agreement. On this issue, the burden of proof rests with the defendant. State v. Davis, 41,430 (La.App. 2 Cir. 11/1/06), 942 So.2d 652. There is simply no evidence in the record to support this allegation.
The “waiver of constitutional rights plea of guilty” form signed by the defendant, his attorney, and the trial judge, reflects that the defendant acknowledged that he could receive a sentence of five to thirty years. The executed waiver also contains the notation “No more than a double bill,” which is initialed by the defendant’s attorney. Accordingly, as per the common parlance of the notation, the only terms of the defendant’s plea agreement, if one existed, were that the multiple offender bill of information not allege anything more than that the defendant was a second felony offender.[9] The defendant does not present any evidence to suggest the existence of a plea bargain with any different terms.
This court takes note that the pertinent language of La. R.S. 15:529.1(A)(1) is quite clear.
A. Any person who, after having been convicted within this state of a felony ... thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:
Ifil. If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction.
Therefore, because La. R.S. 15:529.1(A)(1) mandates a sentence of no less than fifteen years and no more than sixty years for this *401 particular defendant, who is a second felony offender, a sentence of ten years would be an illegal sentence.
Finally, the defendant argues that his sentence contravenes La. R.S. 15:301.1, which provides as follows:
A. When a criminal statute requires that all or a portion of a sentence imposed for a violation of that statute be served without benefit of probation, parole, or suspension of sentence, each sentence which is imposed under the provisions of that statute shall be deemed to contain the provisions relating to the service of that sentence without benefit of probation, parole, or suspension of sentence. The failure of a sentencing court to specifically state that all or a portion of the sentence is to be served without benefit of probation, parole, or suspension of sentence shall not in any way affect the statutory requirement that all or a portion of the sentence be served without benefit of probation, parole, or suspension of sentence.
B. If a sentence is inconsistent with statutory provisions, upon the court’s own motion or motion of the district attorney, the sentencing court shall amend the sentence to conform to the applicable statutory provisions. The district attorney shall have standing to seek appellate' or supervisory relief for the purpose of amending the sentence as provided in this Section.
C. The provisions of this Section shall apply to each provision of law which requires all or a portion of a criminal sentence to be served without benefit of probation, parole, or suspension of sentence, or of any one of them, any combination thereof, or any substantially similar provision or combination of substantially similar provisions.
D.Any amendment to any criminal sentence as authorized by the provisions of this Section shall be completed within one hundred eighty days of the initial sentencing.
The defendant contends that the corrected minute entry violated this statute by amending his sentence more than 180 days after it was entered. This argument 17misapplies the law. By its own terms, the provisions of La. R.S. 15:301.1 apply only to sentencing provisions that affect the manner in which the sentence is to be served. Moreover, the defendant’s argument relies on the perception that the corrected minute entry amended his sentence. As we have noted, this perception is wrong because the corrected minute entry did not amend the defendant’s sentence; it accurately reflected the defendant’s sentence of fifteen years at hard labor, with the first five years to be served without benefit probation, parole, or suspension of sentence.

CONCLUSION

For the foregoing reasons, the State’s motion to dismiss the defendant’s appeal is denied. The appeal is converted to a writ. The writ application is denied.
AFFIRMED

. The defendant waived all legal delays.

. The minute entry issued on March 8, 2002 is clearly a correction of the September 25, 2000 minute entry even though it is styled "September 25, 2002.”

.A copy of the motion is not included in the record. As per defendant's appeal counsel, the location of the motion is the subject of an on-going search by the Clerk of Court. By order, defendant's appeal counsel was granted leave to file a certified copy of defendant's *399 original motion without further order of the Court. Although defendant’s appeal counsel admits possessing a Xerox copy of defendant’s original motion, counsel did not move to supplement the appeal record with this copy.

. It should be noted that the current judge was not the presiding judge of Section "J” either at the time the plea was entered or when the corrected minute entry was executed.

. Under the Habitual Offender Statute, a conviction as a second felony offender shall carry a sentence of imprisonment "for a determinate term not less than one-half the longest term and not more than twice the longest prescribed for a first conviction.” La. R.S. 15:529.1 A(2)(a). Distribution of cocaine is punishable by imprisonment at hard labor for not less than two years nor more than 30 years, with the first two years being without benefit of parole, probation, or suspension of sentence. La. R.S. 40:967 B(4)(b). As such, the defendant, having been found to be a second-felony offender, was subject to imprisonment for no less than 15 years at hard labor.

.La.C.Cr.P. art. 912 provides in pertinent part:
A. Only a final judgment or ruling is appealable.
C. The judgments or rulings from which the defendant may appeal include, but are not limited to:
(1) A judgment which imposes sentence;
(2) A ruling upon a motion by the state declaring the present insanity of the defendant;
La.C.Cr.P. art. 930.6 provides:
The petitioner may invoke the supervisory jurisdiction of the court of appeal if the trial court dismisses the application or otherwise denies relief on an application for post conviction relief. No appeal lies from a judgment dismissing an application or otherwise denying relief.

. A commitment order acts as the warrant and authority for the execution of a defendant’s sentence.

. See La. R.S. 15:529.1(A)(1), quoted infra. and accompanying discussion.

. The record is silent as to defendant’s previous convictions, if any, other than the one conviction noted in the multiple bill.