MADELEINE M. LANDRIEU, Judge.
| ¶ Ronald Olivier appeals the trial court’s ruling denying his motion to correct illegal sentence. Because this ruling is not an appealable judgment, we convert this appeal to a writ. We grant the writ and affirm the judgment.
PROCEEDINGS BELOW
Mr. Olivier was indicted on February 20, 1992, for the first degree murder of Gerard Lee, Jr. On February 10, 1993, a jury convicted Mr. Olivier of second degree murder, and the court subsequently sentenced Mr. Olivier to life imprisonment without benefit of parole, probation, or suspension of sentence. Mr. Olivier was sixteen years old. This Court affirmed his conviction and sentence. State v. Olivier, unpub. 93-2303 (La.App. 4 Cir. 11/17/94), 646 So.2d 1262.
On February 27, 2013, Mr. Olivier filed a motion to correct illegal sentence based upon the United State Supreme Court’s opinion in Miller v. Alabama, — U.S. —, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), where the Court found that the automatic imposition of a life sentence without benefit of parole eligibility on a juvenile violates the Eighth Amendment’s prohibition of the imposition of cruel and unusual punishment. On April 17, the trial court ruled that it would hold a Miller hearing in this case. The State objected requested a stay of the hearing, arguing 12that Miller does not apply retroactively to state cases on collateral review. The trial court denied the stay. This Court denied writs, State v. Olivier, unpub. 2013-0630 (La.App. 4 Cir. 5/15/13), but the Supreme Court stayed all proceedings two days later.
On November 25, 2013, in response to the Louisiana Supreme Court’s ruling in State v. Tate, 2012-2763 (La.11/15A3), 130 So.3d 829, that Miller is not to be applied retroactively, the trial court denied Mr. Olivier’s motion to correct illegal sentence. Mr. Olivier objected, noting that Tate was not final, and moved for an appeal of the trial court’s ruling.
DISCUSSION
Mr. Olivier now argues that the court erred in denying his motion to correct illegal sentence because the Louisiana Supreme Court’s decision in Tate is not final. We note that the ruling from which Mr. Olivier seeks review is not an appealable judgment. Accordingly, we convert this appeal to a writ application. State v. Williams, 2012-1092 (La.App. 4 Cir. 4/24/13), 115 So.3d 702, unit den., 2013-1195 (La.11/22/13), 126 So.3d 478; State v. Hill, 2011-0683 (La.App. 4 Cir. 4/4/12), 89 So.3d 396.
Mr. Olivier’s claim has no merit. First, the Louisiana Supreme Court granted the State’s writ in the present case and reversed the trial court’s April 17, 2013 ruling that granted Mr. Olivier a hearing on his motion to correct illegal sentence, citing its ruling in Tate that Miller is not be applied retroactively on collateral review. State v. Olivier, 2013-1110 (La.6/20/14), 141 So.3d 266. This is law of the case and dispositive of this issue. Moreover, at the *43 time that Mr. Olivier moved for an appeal and filed his brief in the present appeal, writs were pending in the United States Supreme Court in Tate. Howevér, on May 27, 2014, the United States Supreme Court denied Tate’s writ of certiorari. Tate v. Louisiana, — U.S.—, 134 S.Ct. 2663, 189 L.Ed.2d 214 (2014).
^CONCLUSION
We convert Mr. Olivier’s appeal to a writ, grant the writ, and affirm the judgment of the trial court, which denied his motion to correct illegal sentence.
APPEAL CONVERTED TO WRIT; WRIT GRANTED; JUDGMENT AFFIRMED.