TERRI F. LOVE, Judge.
hThe State appeals the trial court’s granting of Mr. Kenneth Baham’s (“Mr. Baham”) motion to withdraw his guilty plea, claiming Mr. Baham failed to present valid grounds for its withdrawal. We find that the ruling from which the State seeks relief is not a final judgment and is therefore not an appealable judgment. For the reasons discussed herein, this Court converts the present matter to an application for supervisory review, granting the writ and remanding for an evidentiary hearing.

PROCEDURAL HISTORY

On August 6, 1997, Mr. Baham was charged with possession with intent to distribute cocaine. He pled not guilty at arraignment. On May 5,1998, Mr. Baham entered a plea of guilty as charged under the terms of a negotiated plea agreement before Judge Sharon Hunter. Under the terms of the agreement, Mr. Baham would be charged as second felony offender and would receive a sentence of fifteen years at hard labor.
| ¡.After Mr. Baham entered his plea, the court agreed to defer sentencing until June 1998. At that time, Mr. Baham appeared, and his sentencing was reset for July 1998. Mr. Baham was notified in open court of the new date; however, he then failed to appear at the July 1998 sentencing, and an alias capias was issued.
In January 2005, notice was submitted of Mr. Baham’s arrest on the outstanding capias. In December 2006, the court sentenced Mr. Baham to fifteen years at hard labor. In December 2007, Mr. Baham pled guilty to the multiple bill and was sentenced as a second felony offender to fifteen years at hard labor.
For reasons not apparent in the record, the case was again set for sentencing in 2008. In March 2008, Mr. Baham appeared, and through counsel he moved to withdraw his guilty plea. Counsel proffered no basis for the motion, stating simply that the trial court was familiar with the background of the case. Judge Ben Willard then granted the motion on the basis that “the judge who took the plea was totally incompetent at the time.” The trial court further noted that defense counsel would need to file a written motion, stating “I need it in writing.” The minute entry from that date states that the State filed a motion for appeal and designation of the record. Mr. Baham subsequently filed a written motion to withdraw guilty plea the same day. A notice of appeal was generated by the minute clerk on April 4, 2013.

FACTUAL BACKGROUND

The facts of this case are unknown as Mr. Baham pled guilty. Nevertheless, the facts are not pertinent to the issues raised on appeal.

\ .MOTION to withdraw GUILTY PLEA

At the outset, we note the ruling from which the State seeks relief is not an *1238 appealable judgment. Under La.C.Cr.P. art. 912(A), “[o]nly a final judgment or ruling is appealable.” A final judgment is one which puts an end to the proceedings. State v. Quinones, 94-436, p. 3 (La.App. 5 Cir. 11/29/94), 646 So.2d 1216, 1217. The trial court’s ruling granting Mr. Baham’s motion to withdraw his guilty plea did not put an end to the proceedings and is therefore not an appealable judgment. The appropriate “avenue of review” is an application for supervisory writ. State v. Hutchinson, 99-0034 (La.App. 4 Cir. 5/17/2000), 764 So.2d 1139, 1140. See also State v. Hill, 11-0683 (La.App. 4 Cir. 4/4/12), 89 So.3d 396; State v. Myers, 98-1213 (La.App. 4 Cir. 2/9/00), 753 So.2d 921. Therefore, we convert this appeal to an application for supervisory writ.
The State contends that pursuant to La.C.Cr. P. art. 559(A), Mr. Baham’s motion to withdraw was untimely as it was not filed “before sentencing.” In State v. Lewis, 421 So.2d 224 (La.1982), the Louisiana Supreme Court concluded that a constitutionally infirm plea is subject to attack even after sentencing. The Lewis Court reviewed the substance of the defendant’s pro se motion to vacate his plea and stated that the style of the pleading was not vital to determine if it was “a request for a post-conviction remedy which attacks the constitutionality of the guilty plea.” Id. at 226. Therefore, the appropriate procedural vehicle to challenge a guilty plea after sentencing is an application for post-conviction relief. State v. 4Stewart, 04-1231, p. 12 (La.App. 5 Cir. 4/26/05), 902 So.2d 440, 448. See also State ex rel. Chauvin v. State, 99-2456 (La.App. 1 Cir. 1/28/00), 814 So.2d l(the court held that the defendant’s motion to vacate his plea, because he had not been advised of the sex offender registration requirement, was subject to La. C.Cr.P. art. 930.8 and its prescriptive period; therefore, the motion filed after sentencing was substantively an application for post-conviction relief).
In this case, Mr. Baham’s claim is permitted under La.C.Cr.P. art. 930.3[1], which provides in pertinent part: “If petitioner is in custody after sentence for conviction for an offense, relief shall be granted only on the following grounds: (1) The conviction was obtained in violation of the constitution of the United States or the state of Louisiana.” The withdrawal of a guilty plea is within the discretion of the trial court and is subject to reversal only if that discretion is abused or arbitrarily exercised. State v. Johnson, 406 So.2d 569 (La.1981); State v. Rhea, 04-0091 (La.App. 4 Cir. 5/19/04), 876 So.2d 131.
The Due Process Clause of the Fourteenth Amendment requires that a guilty plea be both knowing and voluntary because it constitutes a waiver of three constitutional rights: the right to a jury trial, the right to confront one’s accusers, and the privilege against self-incrimination. See Boykin v. Alabama, 395 U.S. 238, 242-43, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). A plea is not voluntary unless it is “entered by one fully aware of the direct consequences” of the plea. Brady v. United States, 5397 U.S. 742, 755, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747 (1970) (internal quotation and citation omitted). The ultimate inquiry under Boykin is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. State v. Juniors, 03-2425, p. 60-61 (La.6/29/05), 915 So.2d 291, 334-35.
*1239 A review of the record reflects that the trial court was not presented with a transcript of Mr. Baham’s guilty plea colloquy. Nevertheless, the record on appeal contains the guilty plea transcript. At the hearing on the motion to withdraw, the defense extended no basis for the motion, except to state that the trial court was “familiar with the background of the case.” Further, the basis for Mr. Baham’s claim, as provided in the written motion, states simply: “1. Ineffective assistance of counsel. 2. Judicial miss [sic] conduct.” The trial court, in turn, granted the motion concluding:
[A]s I mentioned to you so many times you all have reminded me, the supreme court has reminded me, the court of appeals has reminded me that the judge who took the plea was totally incompetent at the time. Based upon that I’m going to grant the motion.
Judge Sharon Hunter was presiding judge at the time Mr. Baham entered his guilty plea. The Louisiana Supreme Court later removed her from office in 2002 for failing to discharge her administrative duties, for refusing to cooperate with this Court in securing record transcripts for appellate review, and for persistent public conduct prejudicial to the administration of justice. See In re Hunter, 02-1975 (La.8/19/02), 828 So.2d 325.
|KThe record shows little, if any, evidence or argument was offered by the parties at the hearing on the motion to withdraw. Further, the record fails to show a connection between Judge Hunter’s removal and the taking of Mr. Baham’s guilty plea. Accordingly, because the May 5, 1998 guilty plea suggests a facially valid taking of Mr. Baham’s guilty plea and the transcript does not appear to have been presented to the trial court for its consideration, we reverse the trial court’s ruling granting the motion to withdraw his guilty plea and remand the matter for an eviden-tiary hearing consistent with this Court’s ruling. Therefore, we grant the State’s application for supervisory writ and remand the matter for an evidentiary hearing.
WRIT GRANTED; REMANDED FOR EVIDENTIARY HEARING.

. Pursuant to La.C.Cr.P. art. 930.8, Mr. Ba-ham's claim is timely as the multiple offender adjudication and sentencing occurred three months prior to his filing of the motion to withdraw guilty plea.