MARC E. JOHNSON, Judge.
I/The State appeals the granting of Defendant’s motion for new trial. For the reasons that follow, we dismiss this appeal, but grant the State 30 days from the date of this opinion within which to file a writ application to this Court seeking review of the trial court’s ruling granting a new trial under this Court’s supervisory jurisdiction.
On February 1, 2013, Defendant, Calvin King, was convicted of second degree murder and armed robbery by a 12-person jury. He subsequently filed a motion for new trial, which was granted by the trial court on September 13, 2013. Within 30 days, the State filed a motion for appeal, which was granted.
Only a final judgment or ruling is ap-pealable by either the state or the defendant. La.C.Cr.P. art. 912. Article 912 sets forth certain preliminary matters that are appealable by the state. The list is non-exclusive if the basic test of finality is satisfied. See La.C.Cr.P. art. 912 Official Comment (a). A final judgment is |sone that puts an end to the proceedings. State v. Quinones, 94-436 (La.App. 5 Cir. 11/29/94); 646 So.2d 1216, 1217. The granting of a new trial did not put an end to the proceedings and, therefore, 'is not appealable.[1]
*118 The appropriate avenue of review of a ruling granting a new trial is by way of a supervisory writ application. In the past, this Court has converted improperly filed appeals into applications for supervisory writs. See State v. Arceneaux, 13-953 (La.App. 5 Cir. 4/23/14); 140 So.3d0 304, 306. However, on May 23, 2014, this Court, at an en banc meeting, adopted a policy to discontinue converting jurisdietionally defective appeals into writ applications.
Accordingly, we dismiss this appeal. However, we grant the State 30 days from the date of this opinion within which to file a writ application to this Court seeking review of the granting of a new trial.

APPEAL DISMISSED

. In its motion for appeal and appellate brief to this Court, the State explains that it sought review of the trial court’s ruling through an appeal as opposed to a writ based on this Court action in State v. McKinnies, 12-192 (La.3/22/12) (unpublished writ disposition). In McKinnies, a panel of this court, without explanation, granted the State’s writ from the granting of a new trial for the limited purpose of remanding the matter and instructing the trial court to consider the State's Notice of Intent to Seek Review as a Motion for Appeal. Under the guidelines of La.C.Cr.P. art. 912, we decline to follow the procedural directive in McKinnies. See also, State v. Craig, 11-348 (La.App. 5 Cir.10/27/11) (unpublished writ disposition), and State v. Miller, 04-682 (La.App. 5 Cir. 3/10/05) (unpublished writ disposition), wherein this Court reviewed the granting of a motion for new trial through a supervisory writ application.