EDWIN A. LOMBARD, Judge.
_jjThe defendant, Marvin E. Munguia, appeals the district court judgment of June 27, 2014, denying his motion to vacate his plea. After review of the record in light of the applicable law, we dismiss this appeal as untimely.

Relevant Facts and Procedural History

On May 10, 2014, the defendant, Marvin E. Munguia, pleaded guilty to forcible rape, a violation of La.Rev.Stat. 14:42.1, and was sentenced to five years’ imprisonment, three years suspended. Almost three years later, on March 25, 2014, he moved to vacate his plea and have his conviction and sentence set aside. On June 27, 2014, the district court denied the defendant’s motion but set an evidentiary hearing on the matter for July 2, 2014, allowing the defendant to proffer his testimony. At the hearing, the defendant asserted that he wished to withdraw his plea because his attorney did not advise him of the immigration consequences of pleading guilty to a felony and, had he known he could be deported, he would not have entered the plea. The defendant filed a motion to appeal the district court’s denial of his motion to vacate on July 28, 2014. The 12motion to appeal the judgment of June 27, 2014, was granted by the district court on July 30, 2014.

Applicable Law

A motion for an appeal must be made no later that “[t]hirty days after the rendition of the judgment or ruling from which the appeal is taken.” La.Code Crim. Proc. art. 914(B).
A trial court may only grant a motion to withdraw a guilty plea prior to sentencing. La.Code Crim. Proc. art. 559(A) (“Upon motion of the defendant and after a contradictory hearing, which may be waived by the state in writing, the court may permit a plea of guilty to be withdrawn at any time before sentence.”). The appropriate procedure to challenge a guilty plea after sentencing is an application for post-conviction relief. State v. Baham, 2013-1069, p. 3 (La.App. 4 Cir. 9/10/14), 149 So.3d 1235, 1238. There is no appeal denying post-conviction relief; the petitioner may invoke the supervisory jurisdiction of the court of appeal if relief is denied on an application for post-conviction relief. La.Code Crim. Proc. art. 930.6(A). An application for post-conviction relief, including applications which seek an out-of-time appeal, must be filed within two years after the judgment of conviction and sentence except under very specific circumstances. See La.Code Crim. Proc. art. 930.8.

*1195
Discussion

The motion for appeal in this case was filed more than thirty days after the judgment denying the defendant’s motion to vacate and, thus, was untimely. Moreover, even if defendant’s motion to appeal the denial of his motion to vacate had been timely filed, the motion to vacate was itself an improper procedural | ^device to contest his guilty plea after sentencing. Although in some circumstances an improperly filed motion to vacate is construed as an application for post-conviction relief and, therefore, this appeal could be converted to an application for supervisory relief, the defendant in this case filed his motion to vacate more than two years after his conviction and sentencing. Because the circumstances listed in La.Code Crim. Proc. art. 930.6(A) are not applicable to the defendant in this case, an application for post-conviction relief would also be untimely-

Conclusion

The appeal is dismissed as untimely.
APPEAL DISMISSED.