LOLLEY, J.
It Christopher Holder appeals a judgment by the Twenty-Sixth Judicial District Court, Parish of Bossier, State of Louisiana, granting a motion for summary judgment filed on behalf of Robert Green and Argent Trust Company, N.A., formerly known as Argent Trust, a division of National Independent Trust Company, in its capacity as administrator of the Succession of Donna Green Holder (“Argent”). For the following reasons, we affirm the trial court’s judgment.
Facts
On November 18, 2011, Dr. Donna Green Holder was stabbed to death in her home. Her son Christopher Holder, who had long suffered with mental illness, was arrested for her murder, for which he confessed to police. Ultimately, Christopher was tried for his mother’s murder, and he was convicted by a jury for second degree murder in the Twenty-Sixth Judicial District Court, Parish of Bossier, State of Louisiana. He appealed that conviction, which was subsequently affirmed by this court. State v. Holder, 50,177 (La.App.2nd Cir.12/09/15).[1]
After Donna’s death, her brother Robert Green petitioned the trial court for the appointment of Argent as the administrator of Donna’s succession. Donna had died intestate. Argent was appointed as administrator of Donna’s succession on December 5, 2011.
In the succession proceedings, Green and Argent (also collectively the “appel-lees”) petitioned the trial court to have Christopher, Donna’s only child, declared unworthy. According to the appellees, Christopher had no descendants and Donna’s parents predeceased her. Noting that Christopher had intentionally killed Donna, Green and Argent claimed that Christopher was unworthy to inherit from Donna pursuant to La. C.C. art. 941. Additionally, they claimed that Christopher was prohibited from recovering any benefits from Donna’s life insurance, retirement plans, and/or annuities pursuant to La. R.S. 22:901. After Christopher’s criminal conviction in the trial court, Green and Argent filed a motion for summary judgment, which the trial court granted. Christopher appealed and brings three assignments of error, all related to the interpretation and application of La. C.C. art. 941 and La. R.S. 22:901 and urging that the trial court’s grant of summary judgment was in error.
Discussion
The motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. Schultz v. Guoth, 2010-0343 (La.01/19/11), 57 So.3d 1002; Bilyeu v. Nat’l Union Fire Ins. Co. of Pittsburgh, PA, 50,049 (La.App.2d Cir.09/30/15), 184 So.3d 69, writ denied, 2015-2277 (La.02/19/16), 187 So.3d 462. A motion for summary judgment will be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La. C. Cr. P. art. 966B(2). Appellate courts review motions for summary judgment de novo, using the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Peironnet v. Matador Resources Co., 2012-2292 (La.06/28/13), 144 So.3d 791.
The starting point in the interpretation of any statute is the language of the stat *880 ute. Moreno v. Entergy Corp., 2012-0097 (La.12/04/12), 105 So.3d 40. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be. applied as written and no further interpretation may be made in search of the intent of the legislature. La. C.C. art. 9; Fulmer v. State, Dept. of Wildlife & Fisheries, 2010-2779 (La.07/01/11), 68 So.3d 499; McCoy v. City of Shreveport, 49,428 (La.App.2d Cir.11/19/14), 152 So.3d 242, writ denied, 2014-2665 (La.03/13/15), 161 So.3d 640.
In his first assignment of error, Christopher argues that the trial court erred in granting appellees’ motion for summary judgment under La. C.C. art. 941, because his conviction is not yet final. He maintains that the issue of his sanity is an essential defense that has yet to be determined. We disagree.
Louisiana C.C. art. 941 states, in pertinent part:
A successor shall be declared unworthy if he is convicted of a crime involving the intentional killing, or attempted killing, of the decedent or is judicially determined to have participated in the intentional, unjustified killing, or attempted killing, of the decedent. An action to declare a successor unworthy shall be brought in the. succession proceedings of the decedent. (Emphasis added).
Notably, the article requires that in. order for the successor to be declared unworthy, he be “convicted.” Louisiana C. Cr. P. art. 934(3) defines “convicted” as simply meaning “adjudicated guilty after a plea or after trial on the merits.” Christopher was convicted of second degree murder, which is defined in La. R.S 14:30.1 as “the killing of a human being ... [w]hen the offender has a specific intent to kill or to inflict great bodily harm[.]”
Christopher's argument on appeal turns on the definition of the term “convicted” used in article 941. Christopher maintains that the article is inapplicable, because his conviction is not final, and there is still an issue regarding his sanity. Although there is no jurisprudence regarding the precise article at issue, we note Nickels v. Nickels, 347 So.2d 510 (La.App.2d Cir.1977), where this court was called to interpret then La. C.C. art 139(2), which provided: “Immediate divorce may be claimed [reciprocally] for one of the following causes ... Conviction of the other spouse of a felony and his sentence to death or imprisonment at hard labor.... ” In concluding that Mrs. Nickels was entitled to an immediate divorce, the court observed that the statute “does not require all delays for appeal to have expired, or that the convicted spouse actually serve any of the sentence. The conviction and sentencing alone are sufficient to provide the grounds for divorce, and the public policy underlying this ground for divorce is satisfied by this initial determination of guilt and sentencing.” Id. at 510-11.
Additionally, the Louisiana Attorney General has addressed a similar issue when asked whether a student could be expelled from school upon receiving a felony conviction, even though an appeal was pending. 1994-95 Op. Att’y Gen. 16 (1994). The Attorney General noted that the pertinent statute, La. R.S. 17:416(D), provided (at that time): “The conviction of any student of a felony ... shall be cause for expulsion of the student for a period of time as determined by the board; provided that such expulsion shall require the vote of two thirds of the elected members of the school board.” In concluding that the student could be expelled, the Attorney General noted the definition of “conviction” in the Code of Criminal Procedure, and opined that “the student referred to in your request has *881 already been granted a trial on the merits and has been duly convicted. Upon that conviction, the school board may expel the student if the requisite votes are obtained.”
So is the case here. Following a jury trial, Christopher was convicted of the second degree murder of his mother, a violation of La. R.S. 14:30.1. As one of the criteria for unworthiness, La. C.C. art. 941 only requires a successor be “convicted of a crime involving the intentional killing ... of the decedent.” Although he claimed to be not guilty by reason of insanity, the jury rejected his insanity defense, and Christopher was convicted of an “intentional killing.” Notably, article 941 does not require that the successor have exhausted all efforts at appeal, i.e., the code article does not mandate a determination of unworthiness only upon a conviction after appeal. Moreover, even though the conviction and sentence were affirmed on appeal by this court, such action is not determinative for purposes of art. 941, nor is the fact that his writs of'eertiorari are still pending with the Louisiana Supreme Court. Considering a strict reading of the code article, any proceedings following the conviction are irrelevant for purposes of determining a successor’s unworthiness (unless an appeal actually served to reverse the conviction). In fact, even if Christopher were granted an executive pardon or pardon by operation of law, he would still be deemed unworthy under the article. See La. C.C. art. 941, Revision Comment (g).
Therefore, because Christopher was “adjudicated guilty after ... a trial on the merits,” regardless of whether all his appeals of the conviction have been exhausted (or not), Christopher was “convicted” of the second degree murder (an intentional, unjustified killing) of Donna as defined by law. In being convicted, one of two alternative criteria for unworthiness of a | ^successor was satisfied. Thus, the trial court’s determination was proper, and summary judgment on this issue, as a matter of law, was not in error.
In his second assignment of error, Christopher argued that the trial court erred in determining him unable to receive any benefits from Donna’s insurance policies pursuant to La. R.S. 22:901, which states, in pertinent part:
D. (1) No beneficiary, assignee, or other payee under any personal insurance contract shall receive from the insurer any benefits under the contract accruing upon the death, disablement, or injury of the individual insured when the beneficiary, assignee, or other payee is either:
(a) Held by a final judgment of a court of competent jurisdiction to be criminally responsible for the death, disablement, or injury of the individual insured.
(b) Judicially determined to have participated in the intentional, unjustified killing of the individual insured.
In its opinion/order, the trial court concluded that under La. R.S. 22:901D(l)(b), Christopher could not receive insurance benefits from his mother’s various policies, because he had been “judicially determined” to have caused her death. Christopher argues that this finding was in error.
Appeals are taken from the judgment, not the written reasons for judgment. Thus, the well-settled rule is that the trial court’s oral or written reasons for judgment form no part of the judgment, and that appellate courts review judgments, not reasons for judgment. Wooley v. Lucksinger, 2009-0571 (La.04/01/11), 61 So.3d 507; Union Fed. Credit Union v. Thornton, 49,529 (La.App.2d Cir.01/28/15), 162 So.3d 414, writ denied, 2015-0404 (La.05/01/15), 169 So.3d 375. Here, the *882 judgment precluded Christopher from receiving any life insurance proceeds from Donna pursuant to La. R.S. 22:901.
Under the rationale articulated regarding his unworthiness under art. 941, Christopher is ineligible from benefiting from his mother’s personal insurance policies as well. The trial court’s ultimate conclusion that Christopher could not receive benefits from his mother's insurance policies was proper; however, in our de novo review, we conclude that Christopher was ineligible primarily as a result of subsection (a) of the statute and not under subsection (b). As discussed herein, Christopher was convicted by the trial court of the second degree murder of his mother, i.e., he was found to be “criminally responsible” for her death as required under subsection (a). The judgment convicting Christopher was final, notably because he has appealed it. “Only a final judgment or ruling is appeal-able.” La. C. Cr. P. art. 912A, A final judgment is one which puts an end to the proceedings. State v. Baham, 2013-1069 (La.App. 4th Cir.09/10/14), 149 So.3d 1235, 1238. The appeal is not part of the proceedings, but is rather the exercise of the right of a defendant to have a judgment reviewed by the proper appellate court. La. C. Cr. P. art. 911. Therefore, because Christopher was “[hjeld by a final judgment of a court of competent jurisdiction to be criminally responsible for the death ... of the individual insured[,]” he shall not receive any benefits accruing from her insurance contracts upon her death pursuant to La. R.S. 22:901D(l)(a). Summary judgment in favor of Robert Green and Argent under the statute was not in error;
In his final assignment of error, Christopher argues that the trial court erred in granting summary judgment, because it made a determination regarding his intent, and such a determination is susceptible of being decided only after a hearing on the merits. Initially, we note that this assignment of error is moot considering our discussion herein — Christopher is unworthy to inherit and ineligible to benefit from his mother’s policies due to his criminal conviction for her murder, and a judicial determination of his intent is not an issue for purposes of the appeal. However, even if we were called to considér his argument, intent was not an issue the trial court needed to address in the succession proceeding, because a judicial determination of his intent was already made in his criminal trial. A jury considered the evidence against him, rejected his insanity defense, and found Christopher guilty of the second degree murder of his mother, Donna — an intentional crime. Thus, even if Christopher’s intent were an issue to be considered on this motion for summary judgment, that issue was already judicially determined by another court.[2] Under either statutory scheme, summary judgment was proper, because Christopher was convicted of the intentional killing of his mother. This assignment of error is without merit.
Conclusion
For the foregoing reasons, the judgment in favor of Robert Green and Argent Trust Company, N.A. formerly known as Argent Trust, a division of National Independent Trust Company, in its capacity as administrator of the Succession of Donna Green Holder is affirmed. All costs of this appeal are assessed to Christopher Holder.
AFFIRMED.

. Christopher has two separate writ applications still pending with the Louisiana Supreme Court: one filed January 11, 2016, and the other January 15, 2016.

. Revision Comment (f) to art. 941 states: “The determination may be made by the court having jurisdiction of the succession proceedings itself or by any other court of competent jurisdiction that makes the determination.”