STATE OF LOUISIANA     *     NO. 2019-KA-0466

VERSUS     *

ANTHONY EUGENE III     *     COURT OF APPEAL

    FOURTH CIRCUIT

    * 

    STATE OF LOUISIANA

    * * * * * * *

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 523-303, SECTION "K"
Honorable Arthur Hunter, Judge
* * * * * *
**Judge Rosemary Ledet**
* * * * * *
(Court composed of Judge Joy Cossich Lobrano, Judge Rosemary Ledet, Judge Regina Bartholomew-Woods)
**LOBRANO, J., CONCURS IN THE RESULT**.

Leon Cannizzaro
DISTRICT ATTORNEY
Donna Andrieu
CHIEF OF APPEALS
Kyle Daly
ASSISTANT DISTRICT ATTORNEY
ORLEANS PARISH
619 S. White Street
New Orleans, LA 70119

      COUNSEL FOR THE STATE OF LOUSIANA

Bruce G. Whittaker
LOUISIANA APPELLATE PROJECT
1215 Prytania Street, Suite 332
New Orleans, LA 70130

      COUNSEL FOR DEFENDANT

                  **AFFIRMED**

**NOVEMBER 20, 2019**

This is a criminal appeal. The defendant, Anthony Eugene, seeks review of the district court's denial of his motion to withdraw his guilty plea. For the reasons that follow, we affirm.

## PROCEDURAL BACKGROUND

On January 28, 2015, Mr. Eugene was charged by bill of indictment as follows:

- Count 1: Conspiracy to Distribute Heroin, an inchoate violation of La. R.S. 40:966(A)(1);

- Count 2: Conspiracy to Commit Second Degree Murder, an inchoate violation of La. R.S. 14:30.1; and

- Count 3: Second Degree Murder, a violation of La. R.S. 14:30.1.[1]

On February 2, 2015, Mr. Eugene was arraigned and entered pleas of not guilty.

On November 21, 2018, the State amended Count 3 from second degree murder to manslaughter; and Mr. Eugene pled guilty to the charges in the amended indictment. Because the district court judge who accepted Mr. Eugene's guilty pleas was not the judge presiding over the case, sentencing was set for a subsequent date.

_____

[1] As to each count, Mr. Eugene was jointly indicted with Peter Grandpre. The charges against Mr. Grandpre remain pending.

Before sentencing, Mr. Eugene filed a *pro se* motion to withdraw his guilty plea. The presiding judge subsequently denied the motion and sentenced Mr. Eugene as follows:

- Count 1: Conspiracy to Distribute Heroin: 25 years at hard labor;

- Count 2: Conspiracy to Commit Second Degree Murder: 30 years at hard labor; and

- Count 3: Manslaughter: 25 years at hard labor.

This appeal followed.

## JURISDICTION

Under La. C.Cr.P. art. 912(A), "[o]nly a final judgment or ruling is appealable." It is well settled that the denial of a motion to withdraw a guilty plea is a final, appealable ruling. *See State v. Dixon*, 449 So.2d 463, 464 (La. 1984) (observing that the Louisiana Supreme Court "has consistently permitted a constitutionally infirm guilty plea to be withdrawn after sentencing by way of appeal or post conviction relief").

Nonetheless, the State contends that the district court's denial of Mr. Eugene's motion to withdraw his guilty plea is not a final judgment or ruling; that this court is, thus, without appellate jurisdiction over Mr. Eugene's appeal; and that the appeal should be dismissed. In support, the State relies on *State v. Baham*, 13-1069, p. 3 (La. app. 4 Cir. 9/10/14), 149 So.3d 1235, 1237-38. The State's reliance on *Baham* is misplaced.

In *Baham*, the district court granted the defendant's motion to withdraw his guilty plea. The State appealed. On appeal, this court reasoned that "[a] final judgment is one which puts an end to the proceedings" and found that, because "[t]he trial court's ruling granting Mr. Baham's motion to withdraw his guilty plea

did not put an end to the proceedings," the ruling was "not an appealable judgment." *Id.*

In this case, Mr. Eugene, not the State, appeals the denial, not the grant, of his motion to withdraw his guilty plea—a ruling which ended the prosecution. Accordingly, we have jurisdiction over this appeal.

## ERRORS PATENT

Pursuant to La. C.Cr.P. art. 920(B), we have reviewed the record for errors patent and find none.

## DISCUSSION

In his sole assignment of error, Mr. Eugene contends that the district court abused its discretion in denying his motion to withdraw his guilty plea. In the motion, Mr. Eugene asserted the following four grounds for relief:

- That his guilty pleas were involuntary because the short period of time he was given to consider the State's plea offer did not allow him to consider the offer sufficiently;

- That his guilty pleas were involuntary because his trial counsel incorrectly advised him that the district court's ruling as to the suppression of certain evidence was final and could not be challenged on appeal;

- That his pleas were neither voluntary nor knowing because his attorney failed to advise him that he could have challenged the charges of second degree murder and conspiracy to commit second degree murder on double jeopardy grounds; and

- That he is innocent and that he would not have pled guilty if his attorney had rendered effective assistance of counsel.

On appeal, Mr. Eugene does not repeat these arguments. Instead, he advances a new argument—that his guilty plea was not knowing and voluntary because, at the time he pled guilty, he believed his sentence for conspiracy to

3

commit second degree murder would be only 25 years at hard labor, rather than the 30 years at hard labor later imposed by the district court.

Ordinarily, a new argument cannot be raised for the first time on appeal. La. C.Cr.P. art. 841; *see also State v. Sims*, 426 So. 2d 148, 155 (La. 1983) (observing that "[i]t is well-settled that a new basis for an objection cannot be raised for the first time on appeal"). It is unclear, however, whether this rule applies to a claim that a guilty plea is constitutionally infirm.[2] In any event, Mr. Eugene's claim requires the resolution of factual questions to which our appellate jurisdiction does not extend. *See* La. Const. Ann. art. V, § 10(B) (providing, in relevant part that, "[i]n criminal cases the appellate jurisdiction [of the courts of appeal] extends only to questions of law"). Accordingly, we reserve Mr. Eugene's right to raise the new claim in a timely-filed application for post-conviction relief.

## DECREE

For the foregoing reasons, Mr. Eugene's convictions and sentences are affirmed.

**AFFIRMED**

---

[2] *Compare State v. West*, 18-0868, pp. 5-6 (La. App. 1 Cir. 5/31/11), 277 So.3d 1213, 1217 (observing, in the context of considering on appeal a defendant's motion to withdraw his guilty plea, that "Louisiana courts have long held that a defendant may not raise new grounds for a motion on appeal that he did not raise at the trial court" and that "[i]nstead, the defendant is limited on appeal to the grounds he articulated below, and a new basis for a claim, even if it would be meritorious, cannot be raised for the first time on appeal") (internal citations omitted) *with State v. Casson*, 07-1081, p. 1 (La. App. 3 Cir. 2/4/09), 2 So.3d 1246, 1247 (*on reh'g*), vacating its previous judgment and finding that the court in previously holding that "[a] new ground for withdrawal of a guilty plea, even if meritorious, may not be raised for the first time on appeal").