|2CARTER, Judge.
This is an appeal from an order denying plaintiffs request for production of the tape recordings of his criminal trial.

FACTS

On November 14, 1988, plaintiff, L. Steve Marler, was convicted of two counts of molestation of a juvenile in the Twenty-Second Judicial District Court, Parish of Washington, State of Louisiana. Plaintiff exhausted all direct appeals and is currently pursuing post-conviction remedies.
Plaintiff states that on June 7, 1992, he filed a request for production of documents in the Twenty-Second Judicial District Court, with regard to his criminal file, which was subsequently granted. According to plaintiff, on October 12, 1992, the clerk of court forwarded to him the entire record of his trial court proceedings, including a certified copy of the November 14, 1988, transcript. On August 5, 1993, plaintiff filed a request for production of the tape recordings of his November 14, 1988, criminal trial. On September 20, 1993, the trial judge denied plaintiffs motion. Plaintiff appeals from this adverse decision, alleging that:
1. The tapes are crucial to plaintiffs pursuit of post-conviction remedies;
2. The trial court previously granted plaintiffs motion for production of documents relative to his criminal conviction, including “all tangible evidence and things, as well as a copy of all other data compilations from which information could be obtained ...;”
3. The Louisiana Constitution and the Fourteenth Amendment to the United States Constitution provide litigants with equal protection of the law, due process, and access to the courts.

ACCESS TO PUBLIC RECORDS

The right of access to public records is fundamental. Article 12, § 3 of the Louisiana Constitution of 1974 provides that “[n]o person shall be denied the right ... to examine public |3documents, except in cases established by law.” Generally, all records, writings, recordings, tapes, reproductions, and electrical data used, prepared for use, possessed, or retained by any instrumentality of state, parish, or municipal government are “public records,” except as otherwise provided specifically by law. LSA-R.S. 44:1 A(l) and (2); Cormier v. Public Records Request of Di Giulio, 553 So.2d 806, 806 (La.1989).
LSA-R.S. 44:3 A(l) specifically excludes from classification as public records those records “pertaining to pending criminal litigation or any criminal litigation which can be reasonably anticipated, until such litigation has been finally adjudicated or otherwise settled.” However, post-conviction relief is not “criminal litigation” within the meaning of this exemption from disclosure. Lemmon v. Connick, 590 So.2d 574, 575 (La.1991). Thus, a criminal defendant cannot be denied access to his criminal files after his conviction becomes final.
In the instant case, after Marler’s conviction became final, he requested from the clerk of court various portions of his criminal file. Pursuant to that request, the clerk of court forwarded to Marler his entire criminal file, including a certified copy of the tran *823 script of his criminal trial. Thus, it is clear that Marler has obtained a full reproduction of the proceedings in the trial court, and the actual tape recordings of the trial would serve no useful purpose.
Additionally, LSA-R.S. 15:511 provides that, if the record of the criminal trial or other criminal proceeding is fully transcribed, the court reporter need only retain the notes and tape recordings for a period of two years after transcription is completed. In the instant case, the trial transcription was completed and filed into the record on April 26, 1989. Mailer filed his first request for production on June 7, 1992, clearly beyond the required two-year period for retention of the tape recordings.

|4CONCLUSION

For the foregoing reasons, the decision of the trial court, denying Marler’s request for production of the tape recordings, is affirmed. Costs of this appeal are assessed against Marler.
AFFIRMED.