DREW, J.
hln 2008, Yester Johnson was convicted of the aggravated rape of his wife’s eight-year-old granddaughter. His conviction and mandatory life sentence were affirmed by this court. State v. Johnson, 43,843 (La.App.2d Cir.1/28/09), 2 So.3d 606, writ denied, 2009-0464 (La.11/6/09), 21 So.3d 300. Johnson is currently serving his sentence at Louisiana State Penitentiary in Angola, Louisiana.
On November 30, 2010, Johnson wrote to the Custodian of Records for the Cous-hatta Police Department asking for the cost of all reports concerning an incident that occurred at 1613 Brittan Street in Coushatta on or about January 3, 2006. The incident involved Officer Joey Miller responding to a call from “LT,” the victim’s father, asking for assistance in getting his car.
On February 7, 2011, Johnson filed a petition for writ of mandamus and civil penalties against the City of Coushatta and the Coushatta Police Department (together referred to as “Coushatta”). Johnson complained that he had not been provided with the cost of the report, or even told whether the report existed. He further complained that he needed the information for his supplemental application for post conviction relief and to use in his motion requesting a new trial.
On February 17, 2011, Coushatta’s attorney wrote to Johnson that the requested report did not exist. The letter suggested that Johnson may have been inquiring about a January 2, 2006, report for an incident that occurred at 1211 East Carroll Street. That report was enclosed with the letter, and apparently it was the report that was the subject of Johnson’s inquiry.
| PiCoushatta filed the exceptions of no cause of action and no right of action. The trial court granted the exception of no cause of action and dismissed Johnson’s claims against Coushatta. The court noted that because Johnson had exhausted his appellate remedies, he was not entitled to the rights provided by La. R.S. 44:1. The court recognized that Johnson’s rights were covered by La. R.S. 44:31.1, and his request was- limited to a ground upon which he could file for post conviction relief under La. C.Cr.P. art. 930.3. The trial court concluded that although La. R.S. 44:35 provides relief to a party denied the right to inspect or copy a record, Johnson was not denied this right. Finally, the trial court noted that Coushatta had used its best efforts to comply with Johnson’s request by furnishing him with a copy of the report that it possessed.
DISCUSSION
The peremptory exception of no cause of action tests the legal sufficiency of *34 the petition by determining whether the law affords a remedy on the facts alleged in the petition. Gipson v. Fortune, 45,021 (La.App.2d Cir.1/27/10), 30 So.3d 1076, writ denied, 10-0432 (La.4/30/10), 34 So.3d 298. The exception is triable on the face of the petition, and, for the purpose of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. Fink v. Bryant, 01-0987 (La.11/28/01), 801 So.2d 346.
Louisiana recognizes a right to receive copies of public documents and records. Article XII, Section 3 of the Louisiana Constitution provides, “No person shall be denied the right to ... examine public documents, |sexcept in cases established by law.” See also La. R.S. 44:31(B)(2), which states:
Except as otherwise provided in this Chapter or as otherwise specifically provided by law, and in accordance with the provisions of this Chapter, any person may obtain a copy or reproduction of any public record.
A remedy of enforcement is provided when the right to inspect or copy a record has been denied. See La. R.S. 44:35.
An exception to the right to inspect or copy public documents and records for certain prisoners is found in La. R.S. 44:31.1, which states, in part:
For the purposes of this Chapter, person does not include an individual in custody after sentence following a felony conviction who has exhausted his appellate remedies when the request for public records is not limited to grounds upon which the individual could file for post conviction relief under Code of Criminal Procedure Article 930.3.
La.C.Cr.P. art. 930.3 sets forth the grounds for post conviction relief.[1]
As noted by the trial court, the petition did not allege that the requested report which Johnson was seeking the cost of was pertinent to a ground upon which he could file a petition for post conviction relief. As alleged in Johnson’s petition, he was interested in the report because “LT” did not say anything about his daughter’s rape allegation to the police Lofficer helping him with his car, but he later told another officer at a truck stop about the allegations. Johnson also asserted in his petition that he needed the report to support his claim of innocence, to support his supplemental application for post conviction relief, and to use as an exhibit in his motion requesting a new trial based on newly discovered evidence and information. Johnson’s petition does not establish that his request for the cost of the report is limited to grounds upon which he could file a petition for post conviction relief.
Johnson sought damages for Cous-hatta’s failure to provide him with the cost of the report. La. R.S. 44:35(E)(1) allows an award of a civil penalty only when it is found that the custodian unreasonably or arbitrarily failed to respond to the request to inspect or receive a copy of a public record.
*35 We note that Johnson did not actually request a copy of a report. He requested only the cost of a copy of a report — a document that did not exist. After he filed his petition, he was provided, free of charge, a copy of another report which Coushatta’s attorney thought might be what Johnson wanted. It was.
We agree with the trial court that Cous-hatta used its best efforts to comply with Johnson’s request. We find no error in the trial court. The granting of the exception of no cause of action and the dismissal of Johnson’s petition were entirely justified, appropriate, and lawful.
At Johnson’s cost, the judgment is AFFIRMED.

. (1) The conviction was obtained in violation of the constitution of the United States or the state of Louisiana. (2) The court exceeded its jurisdiction. (3) The conviction or sentence subjected him to double jeopardy. (4) The limitations on the institution of prosecution had expired. (5) The statute creating the offense for which he was convicted and sentenced is unconstitutional. (6) The conviction or sentence constitute the ex post facto application of law in violation of the constitution of the United States or the state of Louisiana. (7) The results of DNA testing performed pursuant to an application granted under Article 926.1 proves by clear and convincing evidence that the petitioner is factually innocent of the crime for which he was convicted.