PITMAN, J.
In this suit brought under the Public Records Law, Plaintiffs William Alan Pesnell ("Pesnell") and Christopher Holder ("Christopher") appeal the ruling of the trial court which sustained exceptions of no cause of action filed by Jill Sessions, Clerk of Court of the 26th Judicial District Court; Jennifer Bolden, Court Reporter; and Judges Michael O. Craig, Jeff R. Thompson, Jeff Cox, E. Charles Jacobs, Michael Nerren, and Parker O. Self (collectively, "the Judges"), finding they were not custodians of records sought in this case. Plaintiffs also appeal the ruling of the trial court which sustained exceptions of no cause of action and lack of subject matter jurisdiction filed by the State of Louisiana through the Office of the Attorney General in response to their challenge to the constitutionality of the Public Records Law. For the following reasons, the judgment of the trial court is affirmed in part, reversed in part and remanded.
FACTS
Christopher was found guilty of the second degree murder of his mother, Donna Green Holder. After the verdict was rendered, his uncle (Donna Holder's brother) opened the intestate succession of his sister, the victim, and asked that Christopher be declared unworthy and excluded from any inheritance, life insurance benefits or any other benefits to which he would have been entitled had he not caused his mother's death. The Pesnell Law Firm represented Christopher in the succession proceedings; Christopher was found unworthy to inherit.
Both the criminal verdict and the civil judgment were appealed to this court and were affirmed. See State v. Holder , 50,171 (La. App. 2 Cir. 12/9/15), 181 So.3d 918, writ denied , 16-0092 (La. 12/16/16), 211 So.3d 1166, and *689 16-0056 (La. 12/16/16), 212 So.3d 1176 ; and Succession of Holder , 50,824 (La. App. 2 Cir. 8/10/16), 200 So.3d 878, writ denied , 16-1694, (La. 12/16/16), 212 So.3d 1169. These judgments are now final.
Pesnell was hired by Christopher's father, Gary Holder, to review the criminal record on Christopher's behalf, allegedly to aid him in his defense in both the criminal and civil appeals. Pesnell claims that while the cases were pending on appeal, "it came to the attention of undersigned counsel that certain persons who were present at that trial (the criminal trial) ... believed that the transcript of that trial, which was presented to this Court, was not correct." Specifically, he has an affidavit from Gary Holder (the "Holder affidavit"), which states that due to his son's debilitating mental illness, he has attempted to aid his son's defense. Gary Holder claimed to have been present for each phase of the trial from beginning to end. In his affidavit, he avers that during the closing arguments of his son's murder trial, he was present in open court and heard the district attorney making incendiary remarks to the jury about Christopher's mental state, the fact that Christopher may be released in the future if found not guilty by reason of insanity and that Christopher's father would take whatever steps to get Christopher released early by pulling strings with officials and/or physicians in order to have him released from any facility to which he may be sent for psychiatric treatment or observation. Gary Holder also stated in the affidavit that Rick Fayard, Christopher's attorney in the criminal matter, vehemently objected and described the remarks as the most unethical move that he had seen in all his years of practicing law. The Holder affidavit states that he thought this colloquy and objection to be very important in the matter and ordered a transcript of the proceedings. He also stated that when he received that transcript, he was shocked to find that the objection was not in the transcript and, further, that the language used by the district attorney had been changed from what he had heard in the courtroom.
The Holder affidavit also stated that, in his capacity as Christopher's curator, and pursuant to having his power of attorney, Gary Holder hired Pesnell to file a civil appeal in the succession proceeding of Christopher's mother and to help obtain information and facts concerning matters related to post-conviction relief efforts. In an effort to investigate Gary Holder's claims concerning the absence from the transcript of the language used by the district attorney, Pesnell began trying to acquire the recording of the criminal trial so that he could compare the transcript with the recording.
Pesnell attempted to get the recordings from the trial court by various methods, including a letter to Sessions, Clerk of Court of the 26th Judicial District Court, requesting a copy of the data file in the criminal case. Sessions responded, designating the court reporter, Jennifer Bolden, as the custodian of the record. Pesnell then sent a letter to Bolden requesting the data file. That letter was apparently referred to the 26th Judicial District Court Judges' office, and he received a response from Melissa Fox, Court Administrator and Senior Staff Attorney, stating that La. R.S. 44:4(47) excluded the record from being public. Ms. Fox also referred Pesnell to a local court policy, which stated that no one was allowed to listen to courtroom recordings since, at times, an attorney speaking to his client might be picked up by the microphone. The policy exists so that attorney-client privilege is protected. The policy stated that exceptions could be made at the discretion of the trial court. However, in this case, Pesnell's request for the alleged public record was denied.
*690 Pesnell sent a letter to Chief Judge of the 26th Judicial District Court Parker O. Self and to Judge Michael Nerren (trial judge who presided over the criminal action) requesting access under the local policy. Ms. Fox responded again, denying his request and informing him that any problem with the record should be submitted to the court of appeal.
Because they had been unsuccessful in their attempt to acquire the recording from which the transcript was made, on September 22, 2016, while the criminal matter was pending appeal to the Louisiana Supreme Court, Plaintiffs filed a petition against Defendants under the Public Records Law, La. R.S. 44:1, et seq. , seeking recordings "for inspection and testing" from the criminal trial at which Christopher had been found guilty. They subsequently amended their petition and added the State of Louisiana as a defendant and sought a declaration that a provision of the Public Records Law was unconstitutional in substance and as applied.
The Judges filed an exception of no cause of action seeking a declaration that the recordings were not subject to the Public Records Law and cited La. R.S. 44:4(47), the constitutionality of which was eventually challenged by Plaintiffs. Sessions filed an exception of no cause of action, alleging that under the Public Records Law, the clerk of court is not the custodian of the records sought. Bolden also filed an exception of no cause of action, alleging that she is not the custodian of the records sought and raised other claims set forth in the Judges' exception.
The state filed an exception of lack of subject matter jurisdiction and no cause of action, claiming that it was not the custodian of the document sought and that it was improper for it to be named by itself on a claim that a statute was unconstitutional.
The trial court bifurcated the issues pertaining to Sessions, Bolden and the Judges on the exceptions of no cause of action from those of the claims brought against the state and ordered briefing on the issue of the proper defendant in a claim that the statute was unconstitutional. It found that Sessions and Bolden were not custodians of the records sought, but that the Judges were and that Plaintiffs had no cause of action against them as custodians since the records sought were excluded from coverage under the Public Records Law pursuant to La. R.S. 44:4(47). It sustained the exceptions of no cause of action filed by Sessions, Bolden and the Judges, and Plaintiffs' case was dismissed as to them. However, the judgment reserved for a later date Plaintiffs' claims that La. R.S. 44:4(47) and the local rule of the 26th Judicial District Court are unconstitutional on their face or as applied and ordered the Judges, the state and Plaintiffs to brief the issue of the identity of the proper defendant in the lawsuit.
Plaintiffs filed a motion for new trial, which was set for hearing on the same date as the state's exceptions. In March 2017, the trial court reconvened and denied the motion for new trial. It also heard the state's exceptions of lack of subject matter jurisdiction and no cause of action. The state's brief asserted that the dismissal of the public records claim mooted the constitutional issue and that it had no obligation to Plaintiffs with regard to the production of the recording. The Judges adopted that argument, and the trial court sustained the state's objections of no cause of action and lack of subject matter jurisdiction.
Plaintiffs have filed this appeal seeking review of the trial court's sustaining the exceptions of no cause of action of all parties and the exception of lack of subject matter jurisdiction filed by the state and the dismissal of their case.
*691 DISCUSSION
Plaintiffs argue that the trial court erred in bifurcating the issues and in sustaining the exceptions of no cause of action without ruling on the constitutionality of the statute before using that statute as a basis for sustaining the exceptions.
Plaintiffs argue it was error for the trial court to have sustained the exceptions of no cause of action and to bifurcate the constitutionality of the statute issue since, in doing so, it "left a naked constitutional claim unsupported by the underlying dispute." They further argue that the trial court dismissed the very part of the pleading that disclosed the controversy between the parties. They claim that Christopher is in the post-conviction relief period on a murder conviction and is entitled to due process, and that post-conviction relief is available to defendants if the conviction was obtained in violation of the Constitutions of the United States or the State of Louisiana.
Plaintiffs also argue that the trial court erred in sustaining the exception of no cause of action filed by Bolden since she is statutorily required to retain, indefinitely, all notes and tape recordings of a criminal case. They assert that if the record of the trial is fully transcribed, the court reporter must retain all notes and tape recordings which have been fully transcribed for a period of not less than two years after transcription is completed. La. R.S. 15:511(A). They contend that pursuant to this statute, Bolden became the "custodian" of the records as defined in the Public Records Law.
Sessions claims that the trial court correctly sustained the exception of no cause of action since La. R.S. 44:35 requires that the person seeking the right to inspect or reproduce an item must have been denied that right by the custodian of the data requested. She argues that Plaintiffs were clearly informed that she did not have custody or control of the information and that the court reporter is required to retain and maintain all notes and tape recordings, although the recordings shall remain the property of the court. For these reasons, she asserts that the trial court properly sustained the exception of no cause of action since the antecedent condition, i.e., that the record is held at the office of the official from whom the records are requested, cannot be met.
Bolden cites La. R.S. 15:511(B) and argues that it specifically states that the recordings shall be the property of the court in which the case was heard. She claims that under the statute, she had the duty only to retain and maintain such recordings, but was not the custodian. She also argues that she did not have the requested information in her possession and had no control over it. For these reasons, she claims the trial court correctly sustained the exception of no cause of action.
The Judges argue that Plaintiffs made a request for the recording from Bolden and that the judicial administrator of the 26th Judicial District Court declined the request since the records sought were not public records under the Public Records Law. La. R.S. 44:4(47). The judicial administrator referred Plaintiffs to the court's policy regarding audio recordings of court proceedings, which generally prohibit listening to any recording of any court proceeding, except under extraordinary circumstances and with court permission. The Judges assert that they are not the "custodian" of the records as defined in the law, which states the custodian is the public official or head of any public body having custody or control of public records, or a representative specifically authorized by him to respond to requests to inspect any such public record. They argue that while *692 district court judges are public officials, they are not the head of any public body.
The Judges further argue that because the Public Records Law does not apply to the recording requested, Plaintiffs have no right to it. Access could be granted only under the local court rule, which requires permission from the court. Plaintiffs sought permission from the trial court to listen to the recordings, but it denied their request and further advised that any correction of the record should be pursued at the appellate court level under La. C.C.P. art. 2132, which states that a record on appeal which is incorrect or contains misstatements, irregularities or informalities, or which omits a material part of the trial record, may be corrected even after the record is transmitted to the appellate court, by the parties by stipulation, by the trial court or by the order of the appellate court. All other questions as to the content and form of the record are to be presented to the appellate court. In this case, the criminal case was pending in the appellate court at the time the requests for the recording was made. The Judges also claim that Plaintiffs should have sought relief from the appellate court. Therefore, they argue, the trial court correctly sustained the exception of no cause of action.
With regard to Plaintiffs' constitutional challenge of the designation of the recording under the Public Records Law as an exception to the law, the Judges argue that the constitutional challenge should not have been brought as a declaratory judgment claim in a separate lawsuit, but should have been brought up in the underlying criminal case. They assert that the sustaining of the exceptions of no cause of action rendered any further proceedings in this matter moot.
After the trial court sustained the exceptions of no cause of action of Sessions, Bolden and the Judges, it addressed the state's brief in support of the exceptions of no cause of action and lack of subject matter jurisdiction. The state's brief argued that once the trial court found Plaintiffs had no right to the recording requested under the public records action, the constitutional issue became moot and ceased to be a justiciable controversy in which to decide the constitutionality of the statute. It contended that when a case is moot, there is no subject matter on which the judgment can operate.
The state further argues that it was not a proper defendant in the case since Plaintiffs' petition makes no factual allegations against it, and it is not proper to make it a defendant solely on the basis that the constitutionality of a statute is being challenged. A constitutional challenge may be made by a party in a case where there is an adverse party and the existence of a controversy as envisioned by the Louisiana Supreme Court's definition of "justiciable controversy." There is no need to join a special party or defendant when one challenges the constitutionality of a statute. Absent an adverse party, there is no cause of action to simply challenge the constitutionality of a statute because a litigant believes the statute's constitutionality is doubtful. It contends that the proper party to sue under the Public Records Law is the custodian of the record, and it is not such a custodian in this case.
Public Records Law
La. R.S. 44:1 contains the definitions found in the Public Records Law and states in pertinent part as follows:
A(1) As used in this Chapter, the phrase "public body" means any branch, department, office, agency, board, commission, district, governing authority, political subdivision, or any committee, subcommittee, advisory board, or task force thereof, any other instrumentality of state, parish, or municipal government, *693 including a public or quasi-public nonprofit corporation designated as an entity to perform a governmental or proprietary function, or an affiliate of a housing authority.
(2)(a) All books, records, writings, accounts, letters and letter books, maps, drawings, photographs, cards, tapes, recordings, memoranda, and papers, and all copies, duplicates, photographs, including microfilm, or other reproductions thereof, or any other documentary materials, regardless of physical form or characteristics, including information contained in electronic data processing equipment, having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, transaction, work, duty, or function which was conducted, transacted, or performed by or under the authority of the constitution or laws of this state, or by or under the authority of any ordinance, regulation, mandate, or order of any public body or concerning the receipt or payment of any money received or paid by or under the authority of the constitution or the laws of this state, are "public records", except as otherwise provided in this Chapter or the Constitution of Louisiana.
...
(3) As used in this Chapter, the word "custodian" means the public official or head of any public body having custody or control of a public record, or a representative specifically authorized by him to respond to requests to inspect any such public records.
(Emphasis added.)
La. R.S. 44:4(47) states:
This Chapter shall not apply:
...
(47)(a) To the physical medium or contents of any electronic storage device including any compact disc, digital video disc, jump drive, audio or video cassette tape, or any other type of electronic storage device, or to any shorthand or longhand notes or writings or stenotype paper tapes in the custody or under the control of a judge, clerk of court, official court reporter, deputy official court reporter, or certified electronic reporter and which are produced, made, or used by an official court reporter, deputy official court reporter, freelance reporter, or certified electronic reporter in any court of record of the state during any proceedings before that court to report the proceedings or for the purpose of transcribing into typewriting those portions of the proceedings required by law or by the court to be transcribed.
Exceptions of No Cause of Action
The peremptory exception of no cause of action tests the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition. Gipson v. Fortune , 45,021 (La. App. 2 Cir. 1/27/10), 30 So.3d 1076, writ denied , 10-0432 (La. 4/30/10), 34 So.3d 298. The exception is triable on the face of the petition; and, for the purpose of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. Fink v. Bryant , 01-0987 (La. 11/28/01), 801 So.2d 346 ; Johnson v. City of Coushatta , 46,914 (La. App. 2 Cir. 1/25/12), 86 So.3d 32. Louisiana recognizes a right to receive copies of public documents and records. La. Const. art. XII, § 3, provides, "No person shall be denied the right to ... examine public documents, except in cases established by law." Johnson , supra.
Custodian of the record
La. C.C.P. art. 251(A) states that the clerk of court is the legal custodian of all *694 of its records and is responsible for their safekeeping and preservation. He may issue a copy of any of these records, certified by him under the seal of the court to be a correct copy of the original.
La. R.S. 15:511 concerns court reporters and the retention of notes and recordings in criminal cases and states in pertinent part as follows:
A. The court reporter shall retain indefinitely all notes and tape recordings of a criminal case. However, if the record of the trial or other criminal proceeding is fully transcribed, the court reporter shall retain all notes and tape recordings which have been fully transcribed for a period of not less than two years after transcription is completed [.]
B. The notes and tape recordings of any criminal case which are retained by a court reporter pursuant to the provisions of this Section shall be the property of the court in which the case was heard. The court reporter shall have the duty to retain and maintain all such notes and tape recordings pursuant to the provisions of this Section, although the notes and tape recordings shall remain the property of the court.
There is only one reported case interpreting La. R.S. 15:511, but it is not instructive on the issue of who might be the custodian of the recording of a criminal trial. In Marler v. 22nd Judicial Dist. Ct., Parish of Washington , 93-2394 (La. App. 1 Cir. 11/10/94), 645 So.2d 821, a defendant sought the tape recordings of his criminal trial for purposes of post-conviction relief and alleged that although he had been provided with a copy of the transcript of his trial, the tape recordings were crucial to his PCR, and the right to the tapes was protected by the Constitutions of the United States and the State of Louisiana. Although the 22nd Judicial District Court is named as a defendant in the suit, the Washington Parish DA appears as the defendant in the list of parties in the appellate opinion. In Marler , the appellate court determined that the defendant pursuing post-conviction relief was not entitled to a tape recording of his trial. He had been given a full transcript of his trial, and the period during which the court reporter was required to retain tape recording had expired.
Applying the rules pertaining to exceptions of no cause of action, this court must accept the well-pleaded facts of Plaintiffs' petition as true. Although it is unclear who is the custodian of the recordings sought, we find that Plaintiffs have stated a cause of action against the Clerk of Court, who is the legal custodian of the public records under La. C.C. P. art. 251 ; the court reporter, who has the duty to maintain the record under La. R. S. 15:511 ; and the court which owns the records pursuant to La. R. S. 15:511(B). Since the policy of the 26th Judicial District Court gives control over access to the recording sought to the Judges, we find the Plaintiffs have also stated a cause of action as to them. For the foregoing reasons, the assignments of error related to the trial court's sustaining of the exceptions of no cause of action of the Clerk of Court, the court reporter and the Judges, have merit and are hereby reversed.
Since the State of Louisiana is not the custodian of the public record sought by the Plaintiffs, we find the trial court correctly sustained the exception of no cause of action it filed. Further, the fact that Plaintiffs alleged that La. R.S. 44:4(47) is unconstitutional does not create any duty for the "State of Louisiana" to come forward and defend the validity of the statute. There must be a justiciable controversy for the state to be involved as a defendant; and when that is present in a lawsuit, the Attorney General of the State *695 of Louisiana is given notice and is allowed to present a defense of the statute at its discretion. For the foregoing reasons, the judgment of the trial court sustaining the state's exception of no cause of action is affirmed.
Constitutionality of the Statute
Legislation is deemed a solemn expression of legislative will. La. C.C. art. 2. Statutes are presumed to be constitutional and their constitutionality will be preserved "when it is reasonable to do so." State v. Granger , 07-2285 (La. 5/21/08), 982 So.2d 779, quoting State v. Fleury , 01-0871 (La. 10/16/01), 799 So.2d 468. Since statutes are presumed to be constitutional, "the party challenging the validity of a statute generally has the burden of proving unconstitutionality." State v. Granger , supra , quoting Moore v. RLCC Techs., Inc. , 95-2621 (La. 2/28/96), 668 So.2d 1135. To satisfy this burden, the challenging party must cite the specific constitutional provision that prohibits the legislative action. State v. Granger , supra ; State v. Fleury , supra ; Rhone v. Ward , 45,008 (La. App. 2 Cir. 2/3/10), 31 So.3d 591, writ denied , 10-0474 (La. 4/30/10), 34 So.3d 291.
In the case at bar, we have found that Plaintiffs' petition stated a cause of action upon which some relief might be granted. Such relief is predicated upon a trial court's threshold decision concerning the constitutionality of the statute invoked by Plaintiffs for production of the recordings sought. It is now incumbent upon Plaintiffs to prove to the trial court that La. R.S. 44:4(47) is unconstitutional as it is applied to them and that they are entitled to the recording sought. For these reasons, the matter is remanded for a ruling on the constitutionality of the statute and for further relief if necessary.
CONCLUSION
The judgment of the trial court sustaining the exception of no cause of action filed by the State of Louisiana is affirmed. The judgment of the trial court sustaining the exceptions of no cause of action filed by Defendants Jill Sessions, Clerk of Court; Jennifer Bolden, Certified Digital Reporter; and the Judges of the 26th Judicial District Court, Michael O. Craig, Jeff R. Thompson, Jeff Cox, E. Charles Jacobs, Michael Nerren and Parker O. Self; is reversed. The petition states a cause of action upon which relief might be granted once the ruling on the constitutionality of the statute is rendered. The matter is remanded for further proceedings. Costs shall be assessed by the trial court at the issuance of a final judgment.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
APPLICATION FOR REHEARING
Before BROWN, PITMAN, STONE, STEPHENS and MCCALLUM.
Rehearing denied.