PITMAN, J.
Plaintiffs-Appellants William Alan Pesnell and Christopher Holder appeal the trial court's judgment sustaining the exceptions of no cause of action filed by Defendants-Appellees Jill Sessions, Clerk of Court; Jennifer Bolden, certified digital reporter; and the judges of the 26th Judicial District Court: Michael O. Craig, Jeff R. Thompson, Jeff Cox, E. Charles Jacobs, Michael Nerren and Parker O. Self ("the Judges"). Sessions has filed a motion to dismiss for lack of jurisdiction and an exception of res judicata. For the following reasons, we grant Sessions's motion to dismiss and affirm the judgment of the trial court as to Bolden and the Judges.
FACTS
Holder was convicted of the second degree murder of his mother. On appeal, this court affirmed his conviction and sentence. State v. Holder , 50,171 (La. App. 2 Cir. 12/9/15), 181 So.3d 918, writs denied , 16-0092 (La. 12/16/16), 211 So.3d 1166, and 16-0056 (La. 12/16/16), 212 So.3d 1176. Holder's uncle opened the intestate succession of Holder's mother and asked that Holder be declared unworthy to inherit from his mother. The trial court granted a motion for summary judgment, finding Holder was convicted of the intentional killing of his mother. This court affirmed the judgment of the trial court. In re Succession of Holder , 50,824 (La. App. 2 Cir. 8/10/16), 200 So.3d 878, writ denied , 16-1694 (La. 12/16/16), 212 So.3d 1169.
On September 22, 2016, Pesnell and Holder filed against Defendants a petition to declare provision of public records law unconstitutional in substance and as applied, and to compel production of public record for inspection and testing.[1] They claimed that persons who were present at Holder's criminal trial did not believe that the transcript of the trial was correct. They stated that an objection was missing from the transcript and language attributed to the prosecutor was not correct and that these substantive issues could alter the outcomes of the criminal and succession *700 proceedings. They argued that they had a right to listen to, review and test the data file recording of the criminal trial ("the recording").
The petition detailed Pesnell's efforts to acquire the recording. He sent a letter to Sessions as the clerk of court and was advised to make the request to the court reporter. He requested the recording from Bolden, the court reporter, and received a response from Melissa Fox, the court administrator and senior staff attorney for the 26th Judicial District Court. Fox advised him that the request was not covered by the Public Records Law, citing La. R.S. 44:4(47) and the Listening to Recordings Policy of the 26th Judicial District Court ("the court's policy").[2] Pesnell then requested to listen to the recording pursuant to the court's policy, and Fox responded that Judge Nerren denied his request, informing him that any questions as to the content and form of the recording should be presented to the court of appeal.
Plaintiffs argued that La. R.S. 44:4(47) does not provide an applicable exception to the Public Records Law in this case and that the recording is a public record subject to public review. They contended that if La. R.S. 44:4(47) provides an exception in this case, then the statute is unconstitutional because it denies due process to litigants and denies public access to records of public events. Plaintiffs also found fault with the court's policy. They argued that Defendants should be ordered to turn over a copy of the recording or, in the alternative, that they should be allowed to review the recording for comparison to the transcript.
On October 17, 2016, the Judges filed an exception of no cause of action. They argued that because the Public Records Law does not apply to the recording sought, Plaintiffs have no right of access to it. They stated that Plaintiffs had no right to access the recording pursuant to the court's policy because the court denied permission. They contended that the recourse available to Plaintiffs is to obtain an order from the appellate court, not to sue the Judges. The Judges noted Plaintiffs' attempt to have La. R.S. 44:4(47) declared unconstitutional and responded that they have no interest in, or enforcement powers with respect to, the Public Records Law.
On November 2, 2016, Sessions filed an exception of no cause of action. She stated that, as clerk of court, she is the keeper of the written records of the trial, but not the keeper of, and does not have access to, the electronic recordings of the trial.
On November 18, 2016, Bolden filed an exception of no cause of action. She stated that she is not the custodian of the recording, that she has no discretion to secure the recording and that all of her duties are ministerial.
On November 28, 2016, Plaintiffs filed an opposition to the exceptions of no cause of action.
*701 On December 13, 2016, the trial court filed a judgment maintaining the exception of no cause of action filed by Sessions and dismissing Plaintiffs' proceedings against Sessions.
On December 23, 2016, the trial court signed a judgment. It stated that Bolden is not a proper party defendant and dismissed Plaintiffs' claims against her. It found that the Judges are the custodians of the records sought but that pursuant to La. R.S. 44:4(47) and the court's policy, Plaintiffs have no right to the recording. Therefore, it found that no cause of action had been stated and dismissed Plaintiffs' claims under the Public Records Law. The trial court reserved for a later date the claims that La. R.S. 44:4(47) and the court's policy are unconstitutional.
On January 11, 2017, Plaintiffs filed a motion for new trial or rehearing as to the December 23, 2016 judgment and argued that the judgment was erroneous.
On March 3, 2017, Plaintiffs filed a motion to appeal the December 23, 2016 judgment.
On appeal, this court reversed the exceptions of no cause of action filed by Sessions, Bolden and the Judges and remanded the matter for further proceedings, i.e., a ruling on the constitutionality of La. R.S. 44:4(47) and for further relief if necessary. Pesnell v. Sessions , 51,871 (La. App. 2 Cir. 2/28/18), 246 So.3d 686.
On remand, a hearing was held on July 6, 2018, as to the constitutionality of La. R.S. 44:4(47). On August 18, 2018, the trial court signed a ruling and judgment sustaining the exceptions of no cause of action to the extent that they are based on La. R.S. 44:4(47). It found that Plaintiffs failed to prove that La. R.S. 44:4(47) is unconstitutional as applied to them and that their petition failed to state a cause of action. It noted that Plaintiffs emphasized their need for the recording based on due process and other constitutional rights. It found that a records custodian is prohibited from inquiring as to a person's reason for requesting public records under the Public Records Law and, therefore, applied La. R.S. 44:4(47) to Plaintiffs' request as it would be applied to any other member of the public's request. The trial court found that La. R.S. 44:4(47) validly serves to protect the constitutional privacy rights of all litigants. It explained that if an audio recording could be disclosed to any person requesting it, every comment picked up by the recording device, including whispered conversations between a defendant and his counsel or a sidebar conference with the judge, would become a public record. It assumed that this is why the official record of a court proceeding is a certified transcript, not an unedited, uncensored recording. It also found that La. R.S. 44:4(47) is not overly broad and that it conforms to the intent and purpose of the statute.
Plaintiffs appeal the August 18, 2018 judgment.
SESSIONS'S MOTION TO DISMISS
On February 22, 2019, Sessions filed, with this court, a motion to dismiss for lack of jurisdiction and an exception of res judicata. She noted that Plaintiffs did not timely file a motion to appeal the December 13, 2016 judgment in which the trial court granted her exception of no cause of action and dismissed Plaintiffs' proceedings against her. She stated that although this court did not have jurisdiction as to the December 13, 2016 judgment, it reversed the judgment in Pesnell v. Sessions , supra . She filed an application for rehearing; and, in response, Plaintiffs admitted that the judgment dismissing her from the action was final prior to the appeal of the other judgments, that she should not have been a party to the appeal *702 and that her motion for rehearing should be granted. This court denied Sessions's motion for rehearing. She argued that as the December 13, 2016 judgment was not appealed within the appeal delays and is a final judgment, the decision is res judicata. Therefore, she contended that she should be dismissed from the instant appeal. On March 19, 2019, this court filed an order referring these matters to the merits of the appeal.
Plaintiffs did not file a motion to appeal the December 13, 2016 judgment within the time delays provided in La. C.C.P. arts. 2087 and 2123. Therefore, the December 13, 2016 judgment, which dismissed Plaintiffs' proceedings against Sessions, is a final judgment and conclusive between the parties. La. R.S. 13:4231.
Accordingly, we grant Sessions's motion to dismiss.
PLAINTIFFS' ASSIGNMENTS OF ERROR[3]
Statutory Construction
In their first assignment of error, Plaintiffs argue that the trial court erred in dismissing the claims related to the statutory construction of La. R.S. 44:4(47). They contend that the recording is a public record. They state that the Public Records Law and provisions of the Louisiana Constitution that require a review and complete record of any criminal trial are to be construed liberally in favor of public access and that exceptions must be narrowly construed in favor of disclosure. Plaintiffs contend that the portion of La. R.S. 44:4(47)(a) that states that the exclusion applies to any such media used "to report the proceedings or for the purpose of transcribing into typewriting those portions of the proceedings required by law or by the court to be transcribed" means that the recording is excluded from disclosure until it is transcribed or reported. Plaintiffs argue that once the proceeding is transcribed or reported, there is no reason to limit access, as the contents are transcribed and certified. They state that this court should limit the exception to Plaintiffs' reading of the statute and order production of the recording.
The Judges argue that La. R.S. 44:4(47) is constitutional and that the recording sought by Plaintiffs is expressly excepted from being a public record. They contend that the legislature had rational reasons for enacting La. R.S. 44:4(47), i.e., to protect the physical medium of recording, to prevent the alteration of the recording and subsequent release to the public and the need to protect conversations picked up by the recording device, including those between attorney and client.
Bolden argues that La. R.S. 44:4(47) should not be construed to apply only until the recording has been transcribed but, instead, should not be time-limited.
La. R.S. 44:1(A)(2)(a) defines "public records" as the term is used in the Public Records Law as follows:
All books, records, writings, accounts, letters and letter books, maps, drawings, photographs, cards, tapes, recordings, memoranda, and papers, and all copies, duplicates, photographs, including microfilm, or other reproductions thereof, or any other documentary materials, regardless of physical form or characteristics, including information contained in electronic data processing equipment, having been used, being in use, or prepared, possessed, or retained for use in *703 the conduct, transaction, or performance of any business, transaction, work, duty, or function which was conducted, transacted, or performed by or under the authority of the constitution or laws of this state, or by or under the authority of any ordinance, regulation, mandate, or order of any public body or concerning the receipt or payment of any money received or paid by or under the authority of the constitution or the laws of this state, are "public records", except as otherwise provided in this Chapter or the Constitution of Louisiana.
(Emphasis added.)
La. R.S. 44:4(47)(a) provides an exception to La. R.S. 44(1)(A)(2) and states that the Public Records Law shall not apply:
To the physical medium or contents of any electronic storage device including any compact disc, digital video disc, jump drive, audio or video cassette tape, or any other type of electronic storage device, or to any shorthand or longhand notes or writings or stenotype paper tapes in the custody or under the control of a judge, clerk of court, official court reporter, deputy official court reporter, or certified electronic reporter and which are produced, made, or used by an official court reporter, deputy official court reporter, free lance reporter, or certified electronic reporter in any court of record of the state during any proceedings before that court to report the proceedings or for the purpose of transcribing into typewriting those portions of the proceedings required by law or by the court to be transcribed.
A review of La. R.S. 44:4(47) supports Defendants' argument that the recording is not a public record pursuant to the Public Records Law. This exception to the Public Records Law is not limited to the time before the recording is transcribed, as argued by Plaintiffs. To the contrary, the statute provides no time limitation to the exception to the Public Records Law. Although Plaintiffs contend that there is no reason to limit access to the recording once it has been transcribed, the trial court disagreed and noted that the exception in La. R.S. 44:4(47) protects the privacy of all litigants. We find that the trial court did not err in its interpretation of La. R.S. 44:4(47).
Accordingly, this assignment of error lacks merit.
Amendment by Statute
In their second assignment of error, Plaintiffs argue that the trial court erred in holding that the rights under La. Const. art. XII, § 3, may be freely amended by statute. They state that the trial court improperly relied on the notion that the legislature may amend the constitution at will and without regard for the purposes and meaning of that constitutional provision.
The Judges argue that the right of public access to public records is not a right classified as fundamental in constitutional law. Therefore, the legislature is empowered, by the constitution itself, to fashion exceptions to the general right of public access to government records.
La. Const. art. XII, § 3, states: "No person shall be denied the right to observe the deliberations of public bodies and examine public documents, except in cases established by law ." (Emphasis added.)
The text of La. Const. art. XII, § 3, clearly authorizes the legislature to establish laws that provide exceptions to the right to observe the deliberations of public bodies and examine public documents. La. R.S. 44:4(47) provides such an exception.
Accordingly, this assignment of error lacks merit.
*704 Constitutionality and Burden of Proof
In their third assignment of error, Plaintiffs argue that the trial court erred in failing to shift the burden of proof to Defendants as to the constitutionality of La. R.S. 44:4(47). In their fourth assignment of error, Plaintiffs argue that the trial court erred in dismissing their petition in light of the overlap of constitutional considerations under U.S. Const. Amend. I, V, VI and XIV and La. Const. art. I §§ 2, 7, 16 and 19. In their fifth assignment of error, Plaintiffs argue that the trial court erred in finding that they had failed to carry their burden of proof on the constitutionality of La. R.S. 44:4(47) and dismissing their claims.
The Judges argue that the burden of proof remained at all times on Plaintiffs, that it was Plaintiffs' burden to overcome the presumption of constitutionality and that La. R.S. 44:4(47) is constitutional.
Unless the fundamental rights, privileges and immunities of a person are involved, there is a strong presumption that the legislature in adopting a statute has acted within its constitutional powers. Bd. of Directors of Louisiana Recovery Dist. v. All Taxpayers, Prop. Owners, & Citizens of State of La. , 529 So.2d 384 (La. 1988). Therefore, the party challenging the statute bears the burden of proving it is unconstitutional. Krielow v. Louisiana Dep't of Agric. & Forestry , 13-1106 (La. 10/15/13), 125 So.3d 384 ; In re S.D. , 52,238 (La. App. 2 Cir. 5/23/18), 250 So.3d 1097. The burden of proof requires the attacking party to point out a specific constitutional provision that clearly prohibits the legislature from enacting the statute at issue. Rhone v. Ward , 39,701 (La. App. 2 Cir. 5/11/05), 902 So.2d 1258, writ granted, cause remanded , 05-1651 (La. 1/13/06), 920 So.2d 217, citing Pope v. State , 99-2559 (La. 6/29/01), 792 So.2d 713.
In Pesnell v. Sessions , supra , this court stated that, on remand, it was incumbent upon Plaintiffs to prove to the trial court that La. R.S. 44:4(47) is unconstitutional as applied to them. As the party challenging the constitutionality of La. R.S. 44:4(47), Plaintiffs bore the burden of proving its unconstitutionality, but they failed to overcome the presumption of constitutionality. As discussed above, the constitutional provision at issue, i.e., La. Const. art. XII, § 3, clearly allows the legislature to enact the statute at issue, i.e., La. R.S. 44:4(47). Therefore, the trial court did not err when it did not shift the burden of proof to Defendants. Further, it did not err in determining that Plaintiffs failed to meet their burden of proof as to the alleged unconstitutionality of La. R.S. 44:4(47).
Although Plaintiffs argue on appeal that La. R.S. 44:4(47) should be declared unconstitutional on its face, this court declines to make such a declaration. The trial court sustained the exceptions of no cause of action based on Plaintiffs' failure to prove that La. R.S. 44:4(47) is unconstitutional. Any opinion from this court regarding the constitutionality of La. R.S. 44:4(47) would constitute an advisory opinion, and appellate courts will not render advisory opinions from which no practical results can follow. See McChesney v. Penn , 29,776 (La. App. 2 Cir. 8/20/97), 698 So.2d 705.
Accordingly, these assignments of error lack merit.
The Court's Policy
In their sixth assignment of error, Plaintiffs argue that the trial court erred when it ignored the court's policy and, in effect, upheld the policy. They note that if La. R.S. 44:4(47) is constitutional, then there is no need for the court's policy.
*705 The Judges argue that as La. R.S. 44:4(47) is constitutional and excludes the information requested by Plaintiffs as not being a public record, Plaintiffs have no legal enforceable right to review, listen or obtain a copy of the recording. They contend that the court's policy is a reflection of the court's inherent authority over court records.
In Pesnell v. Sessions , supra , this court remanded this matter for a ruling on the constitutionality of La. R.S. 44:4(47). In its August 18, 2018 ruling and judgment, the trial court did not address the court's policy and, instead, sustained Defendants' exceptions of no cause of action to the extent that they were based on La. R.S. 44:4(47). Any opinion from this court regarding the issue of the court's policy would constitute an advisory opinion, and appellate courts will not render advisory opinions from which no practical results can follow. See McChesney v. Penn , supra .
Accordingly, this assignment of error is not properly before this court for review.
CONCLUSION
For the foregoing reasons, we grant the motion to dismiss filed by Defendant-Appellee Jill Session, and we affirm the trial court's judgment sustaining the exceptions of no cause of action filed by Defendants-Appellees Jennifer Bolden and the Judges of the 26th Judicial District Court: Michael O. Craig, Jeff R. Thompson, Jeff Cox, E. Charles Jacobs, Michael Nerren and Parker O. Self. Costs of this appeal are assessed to Plaintiffs-Appellants William Alan Pesnell and Christopher Holder.
MOTION TO DISMISS GRANTED; JUDGMENT OF TRIAL COURT AFFIRMED AS TO BOLDEN AND THE JUDGES .

Plaintiffs amended their petition to add the State of Louisiana as a defendant. The State filed an exception of lack of subject matter jurisdiction and no cause of action. The trial court granted the State's exceptions, and on appeal, this court affirmed the trial court's sustaining of these exceptions. Pesnell v. Sessions , 51,871 (La. App. 2 Cir. 2/28/18), 246 So.3d 686.

The court's policy states:
It is the position of the 26th Judicial District Court that no party, attorney or witness, or any other interested person, be allowed to listen to the playback of any recording of any court proceeding. Under extraordinary circumstances, with permission from the Court, exceptions can be made to hear excerpts of proceedings. If permission is granted, the court reporter should listen to the recording first to ensure that there is no audible conversation between attorney and client. Due to the sensitivity of the digital recording, conversations between counsel and client can potentially be audible on the recording, which playback of said conversation could potentially breach attorney/client privilege. This policy excludes judges and court staff that have to rely on the recording for preparation of documents, transcripts or subsequent court proceedings. However, the information gleaned from listening of recorded proceedings is to remain confidential.

Sessions and Bolden both submitted briefs, but did not respond specifically to each of Plaintiffs' assignments of error.