Judgment rendered January 11, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,832-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

MICHAEL JASON GARSEE                    Plaintiff-Appellant

versus

KEDA KLEINMAN SIMS,                    Defendants-Appellees
REGAN COBB AND AUTO
TRIM DESIGN

* * * * *

Appealed from the
Fourth Judicial District Court for the
Parish of Ouachita, Louisiana
Trial Court No. 2021-1072

Honorable Clarence Wendell Manning, Judge

* * * * *

ROUNTREE LAW OFFICES                    Counsel for Appellant
By: James A. Rountree

McNEW, KING & LANDRY, LLP               Counsel for Appellees,
By: April M. Hammett                    Keda Kleinman Sims
                                        and Auto Trim Design

* * * * *

Before PITMAN, COX, and ROBINSON, JJ.

**COX, J.**

This suit arises out of the Fourth Judicial District Court, Ouachita Parish, Louisiana. Michael Garsee filed a petition for damages against Keda Kleinman-Sims, Regan Cobb,[1] and Auto Trim Design for defamation. Ms. Kleinman-Sims and Auto Trim Design filed exceptions of no cause of action, which the district court granted. Mr. Garsee now appeals. For the following reasons, we affirm.

## FACTS

On April 13, 2021, Mr. Garsee filed his original petition for damages alleging defamation. He claimed that on or about January 21, 2021, Ms. Kleinman-Sims, on behalf of her employer Auto Trim Design, accused him of stealing a sign that was left on or near his property. He stated that the allegation was false and defamatory per se, which resulted in his arrest by the Monroe Police Department. However, those charges were later dismissed for lack of evidence. Mr. Garsee stated in his petition that according to a supplemental narrative, a Monroe Police Officer "met with the owner of Firestone, Regan Cobb, who positively identified [Mr. Garsee] as the suspect who stole the sign." Mr. Cobb was also in possession of a video showing an older white man with gray hair removing the sign. Mr. Garsee claimed there is no similarity between himself and the man in the video. He claimed the allegation by Mr. Cobb was false and defamatory per se. He stated a conviction for theft would have jeopardized his video bingo and hemp licenses, which could have caused hundreds of thousands of dollars in damages.

---

[1] On April 28, 2021, Mr. Garsee filed a motion to dismiss Mr. Cobb. Ms. Kleinman-Sims and Auto Trim Design are the only remaining defendants.

On May 18, 2021, Ms. Kleinman-Sims and Auto Trim Design (collectively referred to as "Defendants") filed peremptory exceptions of no cause of action, affirmative defenses, and an answer. They stated the following in their exceptions: Mr. Garsee has failed to state a claim upon which relief can be granted against them; Mr. Garsee has failed to make any factual allegations against Ms. Kleinman-Sims in her personal capacity; if a cause of action exists, it is limited to Auto Trim Design; as admitted in the petition, a third party positively identified Mr. Garsee to the Monroe Police Department; and Mr. Garsee has not suffered any damages.

Defendants asserted the affirmative defenses of "failure to mitigate, estoppel, set off, and contributory negligence." They also argued that a strong public policy exists in favor of a conditional or qualified privilege being extended to reports to law enforcement of alleged wrongful acts to protect the public. In answering, Defendants denied every allegation made by Mr. Garsee.

Mr. Garsee opposed the exceptions. He argued that he was only required to allege that Ms. Kleinman-Sims made a defamatory statement per se and fault is presumed. He stated that fault may be rebutted with evidence, but evidence is not admissible at a hearing on an exception of no cause of action. He also argued evidence is required to demonstrate that qualified privilege applies.

A hearing on the peremptory exceptions of no cause of action was held on September 3, 2021. Mr. Garsee and his counsel were not present at the hearing. The district court granted the exceptions of no cause of action in favor of Defendants. At the hearing, the district court stated, "Right now the plaintiff has simply alleged the report was false, defamatory, and

2

malicious, but has identified no statements or has made no statements or no allegations of fact so as to show that." Mr. Garsee was permitted 15 days in which to amend his petition.

Mr. Garsee filed his amended petition on September 17, 2021. Mr. Garsee named Ms. Kleinman-Sims and Auto Trim Design as defendants. He restated that Ms. Kleinman-Sims, on behalf of Auto Trim Design, accused him of theft; the allegation was false and defamatory per se; he was arrested by the Monroe Police Department; and the false and malicious allegations caused him damages and injured his good name.

On November 12, 2021, Defendants filed peremptory exceptions of no cause of action and a motion for sanctions. They reargued their previous exceptions of no cause of action. They also requested sanctions be imposed on Mr. Garsee and his counsel for knowingly and intentionally attempting to mislead the court by failing to state in the amended petition that charges against Mr. Garsee were dropped, citing La. C.C.P. art. 863. Defendants asked that Mr. Garsee be ordered to pay their reasonable expenses, including attorney fees.

Mr. Garsee opposed the exceptions. He argued that an employer is responsible for the torts of his employees acting in the course and scope of the employment, as Ms. Kleinman-Sims was. He asserted that he was accused of theft, which is a crime, and therefore proved defamation per se.

The district court heard the matter on March 23, 2022. The district court highlighted that Mr. Garsee's amended petition only deleted some factual allegations from the original petition and did not add any additional facts to establish his cause of action. The district court stated that Mr. Garsee's amended petition, and therefore the original petition as amended,

3

failed to set forth a cause of action against Ms. Kleinman-Sims and Auto Trim Design. The district court declined to award sanctions finding no ill intent to deceive.

On April 12, 2022, the district court signed its judgment granting Defendants' peremptory exceptions of no cause of action and dismissing Mr. Garsee's claims with prejudice. The district court denied Defendants' request for sanctions. Mr. Garsee now appeals.

## DISCUSSION

*Exception of No Cause of Action*

Mr. Garsee argues the district court erred in granting Defendants' exceptions of no cause of action. He asserts that the district court erroneously accepted written argument as evidence of an affirmative defense when it should have confined its attention to the petition and determination of whether the law affords a remedy for defamation.

Defendants argue that the district court did not err in maintaining their exceptions of no cause of action and dismissing Mr. Garsee's claims with prejudice. As to Ms. Kleinman-Sims, they argue that Mr. Garsee failed to state a cause of action against her personally because she was acting solely in her capacity as a representative of Auto Trim Design. Therefore, the cause of action was properly granted as to Ms. Kleinman-Sims. They argue that it is undisputed that Ms. Kleinman-Sims did not identify Mr. Garsee in the video. Therefore, it was not Defendants who made the identification, or "statement," at issue, even assuming it was false/defamatory.

Defendants argue that a strong public policy exists in favor of a conditional or qualified privilege being extended to reports to law enforcement of alleged wrongful acts to protect the public. They also note

4

that Mr. Garsee failed to assert any facts that would in any way establish that Ms. Kleinman-Sims acted with any intent to mislead the police. Finally, they argue that Mr. Garsee did not factually allege any damages he actually suffered.

The peremptory exception of no cause of action is set forth in La. C.C.P. art. 927(A)(5). It tests the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition. *Sharp v. Melton*, 53,508 (La. App. 2 Cir. 5/20/20), 296 So. 3d 1135; *Pesnell v. Sessions*, 51,871 (La. App. 2 Cir. 2/28/18), 246 So. 3d 686. The purpose of the exception of no cause of action is not to determine whether the plaintiff will prevail at trial but to ascertain if a cause of action exists. *Sharp v. Melton, supra.* A "cause of action," when used in the context of the peremptory exception of no cause of action, refers to the operative facts that give rise to the plaintiff's right to judicially assert the action against the defendant. *Id.* The exception is triable on the face of the petition, and for the purpose of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. *Fink v. Bryant*, 2001-0987 (La. 11/28/01), 801 So. 2d 346; *Sharp v. Melton, supra.* No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action. La. C.C.P. art. 931.

The burden of demonstrating that the petition states no cause of action is upon the mover. *Wright v. Louisiana Power & Light*, 2006-1181 (La. 3/9/07), 951 So. 2d 1058; *Sharp v. Melton, supra.* All reasonable inferences are made in favor of the nonmoving party in determining whether the law affords any remedy to the plaintiff. *Villareal v. 6494 Homes, LLC*, 48,302

5

(La. App. 2 Cir. 8/7/13), 121 So. 3d 1246. An exception of no cause of action should be granted only when it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. If the petition states a cause of action on any ground or portion of the demand, the exception should generally be overruled. Every reasonable interpretation must be accorded the language used in the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial. *Badeaux v. Southwest Computer Bureau, Inc.*, 2005-0612 (La. 3/17/06), 929 So. 2d 1211; *Sharp v. Melton, supra*.

An appellate court's review of a trial court's ruling sustaining an exception of no cause of action is de novo because the exception raises a question of law, and the trial court's decision is based only on the sufficiency of the petition. *Fink v. Bryant, supra*. The essential question is whether, in the light most favorable to plaintiff and with every doubt resolved in plaintiff's favor, the petition states any valid cause of action for relief. *Wright v. Louisiana Power & Light, supra*.

Defamation is a tort involving the invasion of a person's interest in his or her reputation and good name. Four elements are necessary to establish a claim for defamation: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury. *Kennedy v. Sheriff of E. Baton Rouge*, 2005-1418 (La. 7/10/06), 935 So. 2d 669. The fault requirement is generally referred to in the jurisprudence as malice, actual or implied. *Id.*

By definition, a statement is defamatory if it tends to harm the reputation of another so as to lower the person in the estimation of the

6

community, deter others from associating or dealing with the person, or otherwise expose the person to contempt or ridicule. In Louisiana, defamatory words have traditionally been divided into two categories: those that are defamatory per se and those that are susceptible of a defamatory meaning. Words which expressly or implicitly accuse another of criminal conduct, or which by their very nature tend to injure one's personal or professional reputation, without considering extrinsic facts or circumstances, are considered defamatory per se. *Id.*

When a plaintiff proves publication of words that are defamatory per se, falsity and malice (or fault) are presumed but may be rebutted by the defendant. Injury may also be presumed. When the words at issue are not defamatory per se, a plaintiff must prove, in addition to defamatory meaning and publication, falsity, malice (or fault), and injury. *Id.*

In Louisiana, privilege is a defense to a defamation action. *Id.* An absolute privilege exists for limited situations such as statements by judges and legislators in judicial or legislative proceedings. A conditional privilege may be found in situations in which the person's interest is regarded as sufficiently important to justify some latitude for making mistakes so that publication of the defamatory statement is conditionally privileged. Impossible to precisely define, a conditional privilege has been described as containing these elements: good faith, an interest to be upheld, and a statement limited in scope to this purpose, a proper occasion, and publication in the proper manner and to proper parties only. *Bradford v. Judson*, 44,092 (La. App. 2 Cir. 5/6/09), 12 So. 3d 974, *writ denied*, 2009-1648 (La. 10/16/09), 19 So. 3d 482.

In *Kennedy v. Sheriff of East Baton Rouge, supra*, the Louisiana Supreme Court was faced with determining whether a privilege extended to communication of alleged wrongful acts to an official authorized to protect the public from such acts. The *Kennedy* Court found that a conditional privilege existed. A strong public policy exists in favor of a conditional privilege being extended to reports to law enforcement of alleged wrongful acts to protect the public. Therefore, there is no civil liability imposed on a citizen for inaccurately reporting criminal misconduct with no intent to mislead. The fast food employee in *Kennedy* reported a matter of public interest to the proper authorities who had a duty to investigate. *Bradford v. Judson, supra.* A conditional privilege may be defeated if the offended person proves that privilege was abused. *Id.*

This Court is required to conduct a de novo review to determine if the district court's granting of the exceptions of no cause of action was proper. We must determine if the law affords a remedy for the facts alleged in the petition. The well-pleaded facts in the petition must be accepted as true.

Mr. Garsee accuses Defendants of defamation; therefore, we must determine if the law provides a remedy for defamation based on the well-pleaded facts alleged in the petition. Mr. Garsee claims Defendants wrongfully accused him of criminal activity, which is defamatory per se. In actions that are defamatory per se, fault and injury may be presumed. Although elements three and four may be presumed, Mr. Garsee is still required to allege facts to prove the first two elements of defamation: (1) a false and defamatory statement concerning another and (2) an unprivileged publication to a third party.

8

In alleging the first two elements of defamation, Mr. Garsee made the following statements in his petition:[2]

- "On or about January 21, [2021], Keda Kleinman Sims accused plaintiff of stealing a sign that was left on or near plaintiff's property on Louisville Avenue."

- "The allegation of theft is false and defamatory per se."

- "As a result of the false and malicious allegation of theft made by Sims, plaintiff was arrested by Monroe Police Department and prosecuted in Monrie City Court."

- "Sims made it clear to the arresting officers that she was complaining on behalf of Auto Trim Design, Inc., her employer."[3]

We find these statements to be conclusory and not supported by facts to establish a claim for defamation. As discussed in *Kennedy v. Sheriff of E. Baton Rouge, supra*, the reporting of a suspected crime is a conditional privilege that may be pled as a defense. This appeal stems from an exception of no cause of action; therefore, Mr. Garsee is not required to refute the affirmative defense of Defendants' alleged conditional privilege. However, Mr. Garsee is required to allege facts to show the second element of defamation: an ***unprivileged*** publication to a third party. Mr. Garsee did not assert any facts regarding whether the alleged false statements were an unprivileged publication to a third party.

Ms. Kleinman-Sims is an employee of Auto Trim Design and is not individually liable. Defamation is an individual tort which, as a general rule, does not give rise to solidary liability. There are exceptions to the general rule, such as (1) when the statements are made pursuant to a conspiracy to

---

[2] The substance of these statements was not changed in Mr. Garsee's amended petition.

[3] These are the only allegations in the petition that have to do with the elements of defamation.

defame, in which case all persons connected in the conspiracy are solidarily liable, and (2) when the defamatory statements are made by an employee in the course and scope of his or her employment, "at least when the defamation was authorized or ratified by the employer." *Trentecosta v. Beck*, 96-2388 (La. 10/21/97), 703 So. 2d 552.

Mr. Garsee stated in his petition that Ms. Kleinman-Sims made it clear to the arresting officers that she was complaining on behalf of her employer. Mr. Garsee never alleged that Ms. Kleinman-Sims was not acting in the course and scope of her employment with Auto Trim Design. Ms. Kleinman-Sims made the alleged defamatory statement in the course and scope of her employment; therefore, liability is attributable to her employer under vicarious liability principles.[4]

Mr. Cobb was initially listed as a defendant. Mr. Garsee stated in his petition that Mr. Cobb positively identified him as the suspect who stole the sign from video surveillance in his possession. Mr. Cobb was later dismissed from the suit. Mr. Garsee's amended petition does not mention anything about being identified from the video surveillance. Mr. Garsee agreed at the second hearing on the exceptions that the two petitions should be read together. Based on these allegations by Mr. Garsee, it was not Ms. Kleinman-Sims who positively identified him as the suspect on the video.

For the reasons stated above, Mr. Garsee has failed to state a cause of action for defamation against either Ms. Kleinman-Sims or Auto Trim Design. The district court properly granted Defendants' exceptions of no cause of action and dismissed the suit. This assignment of error lacks merit.

---

[4] See the Louisiana Supreme Court's comment in footnote 12 in *Kennedy v. Sheriff of E. Baton Rouge, supra*.

10

*Frivolous Appeal*

Defendants argue they are entitled to an award of attorney fees and costs resulting from Mr. Garsee's frivolous appeal. Defendants requested attorney fees at the district court in their argument for sanctions but did not appeal the court's denial of that request.

The proper procedure for an appellee to request frivolous appeal damages is to file either an answer to the appeal or a cross appeal. La. C.C.P. art. 2133; *Wied v. TRCM, LLC*, 30,106 (La. App. 2 Cir. 7/24/97), 698 So. 2d 685. Since a brief constitutes neither, an appellee cannot recover frivolous appeal damages if the damages are first requested in brief. Because they did not separately appeal or answer the appeal, Defendants are not entitled to frivolous appeal damages.

## CONCLUSION

For the reasons stated above, the district court's judgment granting Defendants' exceptions of no cause of action is affirmed. Defendants' request for frivolous appeal damages is denied. Costs associated with this appeal are cast on Michael Garsee.

**AFFIRMED.**

11